## L. M. BIRDSONG *v.* T. H. DODDS.

**Judgment — Interlineation — Alteration.**

> Where a judgment is rendered and recorded for a certain sum and this is subsequently erased and a larger sum interlined, the original judgment is not affected and it is sufficient to support an execution for the sum named in the judgment.[1]

An execution was issued by a justice of the peace on a judgment in favor of appellant against appellee. The execution was for $84.30, and it recites that the judgment was rendered January 13, 1875. It was issued January 20, 1881, and was made returnable February 1, 1881.

The sheriff levied it on some land and made his return. Defendant Dodds made a motion to quash the execution: First, because said execution was issued without warrant of law, there being no such judgment of record as is therein recited; second, because there was not fifteen days between its issuance and the return day therein named.

Defendant introduced in evidence the record of the justice of the peace, where the judgment was rendered. It showed an original entry of a judgment for $84.30, and an entry interlined therein of $155.18; the first entry bore date of January 13, 1875. Plaintiff read in evidence in rebuttal the original entry of $84.30, and relied on that, and then introduced in evidence an abstract of the judgment for $84.30, rendered January 30, 1875, signed by the justice of the peace, dated April 7, 1875, and filed by the circuit clerk April 8, 1875, and that judgment was enrolled the same day filed.

From a judgment sustaining the motion to quash the execution, plaintiff appeals.

---

[1] A justice of the peace may proceed to vacate a void judgment and enter a valid one without issuing another summons. Moore *v.* Hoskins, 66 Miss. 496; 6 So. 500.

The trial court has inherent power to vacate, after the term, a judgment obtained by fraud, or not in accord with that intended to be entered. Harper *v.* Barnett, 16 So. 533.

APPEALED from Circuit Court, Copiah county, S. S. CALHOON, Judge.

Affirmed, March 19, 1883.

*Attorney for appellant, H. B. Mayes.*

*Attorneys for appellee, Calhoon & Green.*

Brief of H. B. Mayes:

"It cannot be doubted that anything produced as a record may be shown to be forged or altered; if it were not so, great mischief might arise. A record is conclusive evidence, but what is or is not a record is matter of evidence, and may be proved like any other facts. Otherwise, there would be no remedy." Brier *v.* Woodbury, 1st Pick. 367, 368; Phil. En. C. & Hill, Edwards, Notes, note 4, p. 282.

Groome was an incompetent witness. An officer is an incompetent witness to impeach his official certificate and prove that the statements therein are false. Stone et al. *v.* Montgomery and wife, 35 Miss. 83, and authorities cited.

Brief of Calhoon & Green:

It is conceded by the appellant that the court below ruled correctly in quashing the execution. He seems now only to wish to get the judgment of this court as to whether there was not error in sustaining the first ground of the motion. The only question, then, for adjudication by this court, is this: Was there any judgment of record to sustain the writ of execution for $84.30? We say no.

The only judgment exhibited in proof was for $155.15. It is true that this sum appears interlined, and the sum $84.30 appears erased. If a court adopts either, on the face of the record, it must take that which appears interlined, $155.15.

If it cannot determine that this is the true sum, and cannot say that the $84.30 is the true sum, then the record is a nullity, void for uncertainty. If the court, in its uncertainty, applies for light *aliunde,* then it finds that the justice who rendered it, whatever it was, says it was $155.15. This cannot support a writ of execution for $84.30. The writ must correspond with the judgment.

A plaintiff may not split up his judgment and harass his adversary with its execution for *moieties* of his claim. If this is allowable, then, by the same exuberant liberality of law, automatically adjustable to serve the oppressive purposes of the plaintiff, he may have five hundred writs of execution, each for one five-hundredth of his little claim, and this would be 499 more writs than he ought to have, as we deferentially submit. The writ must follow the judgment. Conn *v.* Pender, 1 S. & M. 386; Stark *v.* Gildart, 4 How. 267.

Which cases decide, not the precise question at bar, but kindred questions. Rorer on Par Sales, § 570.

OPINION.—*Per curiam:*

It is conceded, as we understand counsel, that the judgment is to be affirmed, and one ground of the motion to quash the execution, which was conceded to be sufficient to sustain the motion, is not before us, but we are asked to express our opinion on the first ground of the motion, and, doing so, declare that we are satisfied the judgment was rendered and recorded for $84.30, and at a date subsequent to the next April afterwards, was erased, and a judgment for a greater sum was interlined; and that this did not affect the judgment rendered and entered 13th January, and duly enrolled, and that it was sufficient to support the execution, and it should not have been quashed on this ground.

*Judgment affirmed.*