ROBERT WILKINSON, PLAINTIFF IN ERROR, v. JOHN M. CARTER, DEFENDANT IN ERROR.

1. **Justice of Peace:** DATE OF JUDGMENT: EVIDENCE. In an action before a justice of the peace the trial was commenced on the 16th day of February, 1886, following the entry of judgment was the date, "Feb. 17th, 1886," *Held*, That an affidavit showing that the judgment was actually rendered at the latter date might be received, as such affidavit did not vary or contradict the record, but merely explained to what the date related.

2. **Costs:** MOTION TO RETAX. Before judgment for costs will be reviewed in the supreme court, there must be a motion to retax sustained or overruled, in whole or in part, by the trial court.

ERROR to the district court for Cass county. Tried below before CHAPMAN, J.

*J. H. Haldeman*, for plaintiff in error.

*E. H. Wooley*, for defendant in error.

MAXWELL, CH. J.

The defendant in error brought an action against the plaintiff before a justice of the peace to recover the sum of $31.75 and interest. The plaintiff in error thereupon filed a claim of set-off for the sum of $200 and sought an affirmative judgment. On the 16th day of February, 1886, a trial was had, the docket entry being as follows:

"Whereupon the following persons were sworn and gave their evidence for plaintiff: John M. Carter, Henry Carter, William Carter, and B. C. Yoeman ; and on the part of defendant, Robert Wilkinson and A. E. Cochran. After hearing the evidence and argument of counsel on both sides, I find the plaintiff indebted to defendant in the sum of $32.35. It is the judgment of this court that the defendant recover of the plaintiff the sum of $32.35 and the costs of this action, taxed at $14.35, judgment and costs, $46.70.

Plaintiff's witness fees: Henry Carter, $1 ; William Carter, $1 ; B. C. Yoeman, $1 ; total, $3.   Defendant's witness fees: E. A. Cochran, $1.80.

" E. H. KING,

" Feb. 17th, 1886.   *Justice of the Peace.*"

On the 27th of February, 1886, Carter filed an undertaking for appeal with the justice, which was duly approved.  At the next term of the district court of Cass county a motion to dismiss the appeal was filed, as follows:

"JOHN M. CARTER,
         Plaintiff,
    vs.
ROBERT WILKINSON,
         Defendant.

" Comes now the defendant, by his attorneys, and here moves the court to hold for naught, quash, and dismiss the pretended proceedings in appeal in this case, for reasons following:

" 1st.   Because no appeal bond has been filed as required by law.

" 2d.   Because the bond filed and approved shows by the record was not executed and approved and filed within the time required by law.

"3d.   Because the record shows that the undertaking for appeal was not entered into within ten days from the rendition of the judgment.

"4th.   Because no undertaking has been entered into to the defendant, within the time required by law."

In opposition to this motion the attorney of the defendant in error filed the following affidavit:

"JOHN M. CARTER,
    vs.
ROBERT WILKINSON.

"STATE OF NEBRASKA, } ss.
    CASS COUNTY.

" E. H. Wooley, being first duly sworn, deposes and says that he was attorney for plaintiff in the above entitled

cause, when it was tried before C. H. King, justice of the peace.

"That said trial was begun on February 16th, 1886, as shown by the transcript, and that after the evidence was in and arguments of the counsel made, the court withheld its decision until the next morning, February 17th. That the date, February 17th, placed upon said justice's docket and shown in the transcript correctly states the time when said judgment was rendered, and the failure of the transcript to show formally that said justice withheld his decision from February 16th, 1886, the day of trial, until February 17th, was an error of the justice and was in no manner caused by the fault or negligence of the plaintiff or his attorney."

The court thereupon overruled the motion to dismiss, a trial was had in the district court, and judgment was rendered in favor of defendant in error for the sum of $5.45, with costs taxed at $104.61.

The principal ground upon which a reversal is sought in this court is error in overruling the motion to dismiss the appeal. It is claimed on behalf of the plaintiff in error that the affidavit of the attorney of the defendant in error cannot be received to show the actual date of the rendition of the judgment; in other words, cannot be received to contradict the docket entry. This is true. And if the affidavit in question contradicts the date of the entry on the docket, the court erred in considering it. We find the date, "Feb. 17th, 1886," at the foot of the docket entry, and parol evidence may be received to show that that date relates to the time such entry was made on the docket. The rule is frequently applied to supply an omission in a written contract, and in nowise trenches upon the general rule that the terms of a written contract cannot be changed or varied by oral testimony. *Goodrich v. McCleary*, 3 Neb., 123. In this case it was merely sought to show that the date made by the justice at the conclusion of the

entry of his judgment was the date of the judgment itself. There was no error, therefore, in considering the affidavit above set forth.

It is probable that there should be a division of the costs, but this matter should be brought to the attention of the district court by a motion to retax, and until that has been done, the question will not be reviewed in this court.

The judgment of the district court is clearly right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.