## SACKETT *et al.* v. ROSE.

No. 4770.   Opinion Filed January 4, 1916.

Rehearing Denied February 15, 1916.

(154 Pac. 1177.)

1. **ABSTRACTS OF TITLE — Liability of Abstractor — Parties.**
   Under section 1, Wilson's Rev. Statutes 1903, an abstractor of title is liable on his bond to pay all damages that may accrue to any person by reason of any incompleteness, imperfection, or error in any abstract furnished by him and relied on by such person to his injury, and such liability is not confined to the person for whom he makes or furnishes an abstract.

2. **STATUTES—Construction—Conflicts.** In the construction of statutes, harmony, not confusion, is to be sought. Conflicts between different provisions of the statute are not to be held to exist, if harmony, by any reasonable construction of them, can be discovered. The true rule has often been said to be that where two acts or parts of acts are reasonably susceptible of a construction that will give effect to both and to the words of each, without violence to either, it should be adopted in preference to one which, though reasonable, leads to the conclusion that there is a conflict. There is no conflict between different provisions of a statute if there is a reasonable meaning of the words used, considering the manner of their use, which will bring them into harmony.

3. **EVIDENCE—Parol—Alteration of Record.** The alteration of a record may be shown by parol evidence; such evidence not being within the rule excluding evidence to vary the record, but for the purpose of showing that the record in question is not the true record which was actually made.

4. **DAMAGES—Scope of Remedy.** When a wrong has been done and the law gives a remedy, the compensation shall be equal to the injury, and the latter is the standard by which the former is to be measured. The injured party is to be placed as nearly as may be in the situation which he would have occupied had the wrong not been committed.

5. **ABSTRACTS OF TITLE — Defects — Damages Recoverable.** A party injured on account of the incompleteness or error in an abstract is entitled to all the damages proximately resulting from such injury. `

6. **DAMAGES—Mitigation—Duty of Injured Person.** Where an injured party finds that a wrong has been perpetrated on him, he should use all reasonable means to arrest the loss. It is only incumbent on him, however, to use reasonable exertion and incur reasonable expense, and the question in such cases is always whether the act was a reasonable one, having regard to all the circumstances of the particular case.

7. **SAME—Burden of Proof.** ` The burden of proving mitigation of damages is upon the party guilty of the tortious act or breach of contract.

8. **JURY—Disqualification of Juror—Waiver of Objection.** A known ground of disqualification of a juror, before or during the progress of the trial, is waived by withholding it or failure to raise the objection until after the verdict.

(Syllabus by Bowles, C.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Action by Martha Rose against James G. Sackett and others. Judgment for plaintiff, and defendants bring error. Remanded, with directions.

*Geo. J. Eacock* and *Jennings & Levy,* for plaintiffs in error.

*James S. Twyford,* for defendant in error.

Opinion by BOWLES, C. The defendant in error (plaintiff below) instituted this action in the superior court of Oklahoma county, against James G. Sackett, an abstractor of title, and Robert I. Sackett, Lizzie Jennings, and A. C. Farmer, bondsmen for said James G. Sackett, plaintiffs in error (defendants below), hereinafter referred to respectively as "plaintiff" and "defendants," for damages resulting from an incorrect abstract on certain property in Oklahoma City on which the plaintiff loaned

$1,750, and subsequently thereto purchased what she thought was a fee title to said property. The defendant James G. Sackett, in making the abstract, prior to the loan above referred to, omitted in his certificate to disclose the existence of a judgment which was then a lien on said property, which said judgment was against one Dewaide, a former owner of the property, in favor of J. W. Morrison. After the plaintiff had purchased the property, said property was sold under said judgment and entirely lost to plaintiff. Plaintiff recovered judgment in the court below for the value of said property so lost to her; hence this appeal.

At the outset, we are called upon to construe section 1, Wilson's Revised & Annotated Statutes of 1903; plaintiffs in error claiming that an abstractor is only liable for damages for any incompleteness, imperfections, or errors in any abstract furnished by him to the person or persons for whom he may compile, make, or furnish an abstract of title. The court below held that a party furnishing an abstract was liable in damages to any person relying upon said abstract to his detriment. We believe this construction of the statute clearly right. Section 1 reads as follows:

"That it shall be unlawful for any person, firm or corporation to hold themselves out as abstractors and to engage in the business of abstracting title to real estate in any of the counties of the Territory of Oklahoma, without first having executed and filed with the county clerk of the county in which said person, firm or corporation intends to engage in the business of abstracting, a bond to be approved by the board of county commissioners of said county, with three or more good and sufficient sureties residing in the county, and worth not less than double the amount of the bond over and above all debts, liabilities and exemp-

tions, in the sum of five thousand dollars, conditioned that he will properly demean himself in the business of abstracting, and will pay all damages that may accrue to any person by reason of any incompleteness, imperfections or error in any abstract furnished by him, and will in no way mutilate, deface or destroy any of the records of the several offices to which he may have access, and that he will not in any way interfere with, hinder or delay the several county officers in the discharge of their duties, while using said records, in the prosecution of said business of abstracting: Provided, however, that the records shall in no case be taken from the county office to which they belong. The person, firm or corporation who shall execute and file said bond of five thousand dollars for said purpose, shall, together with the sureties thereon, be liable on said bond to the Territory of Oklahoma in the penalty of one hundred dollars ($100) ; and to any county or person who shall be in any way damaged by any mutilation, injury or destruction of any record or records of the several county offices to which he or they may have access, to the amount of damage actually done said county or person; and to any person or persons for whom he or they may compile, make or furnish abstracts of title, to the amount of damage done to said person or persons by any incompleteness, imperfection or error made by said person, firm or corporation, in compiling said abstract."

This statute seemingly has two inconsistent provisions. The first part of the section provides that the abstractor shall give bond, etc., said bond conditioned that he will properly demean himself in the business of abstracting and pay all damages that may accrue to any person by reason of any incompleteness, imperfection, or error in any abstract furnished by him. The latter part of the same section provides that the abstractor and his bond shall be liable to the state or territory in the penal sum of $100 and to any county for mutilating the records, etc.,

and to any persons for whom he or they may compile, make, or furnish abstracts of title, to the amount of damage done to said person or persons by any incompleteness, imperfection, or error made by such person, firm, or corporation in compiling said abstract.

It is clear that the former part of the section makes the abstractor liable to any person by reason of any error in any abstract furnished by him. The latter part of the section provides that the abstractor is liable to any one to whom he furnishes an abstract. It seems to us that these two expressions can be construed together without doing violence to either. The latter part of the section in no wise repeals, modifies, or curtails the clear import and purpose of the Legislature to make an abstractor liable to any person injured by relying upon his abstract, as provided in the first part of the section. The liability in the first portion of the section is general. The latter part of the section provides that he is liable to the party to whom he furnishes the abstract and does not undertake to confine or curtail his liability to any other person relying upon the correctness thereof to his injury. The section might well read:

"The abstractor will pay all damages that may accrue to any person by reason of any incompleteness, imperfections or error in any abstract furnished by him and to any person or persons for whom he or they may compile, make or furnish an abstract."

Would it be contended that the provisions, read together as above, indicated anything else than that the abstractor's liability extends to any person relying upon the abstract, whether it was furnished to him in the first instance or furnished to some other person?

This construction of the statute makes it a harmonious whole and gives full effect to all of its provisions and does

violence to none.  Harmony, not confusion, is to be sought
for by statutory construction.  Conflicts between differ-
ent provisions of a statute are not to be held to exist, if
harmony, by any reasonable construction of them, can be
discovered.  The true rule has often been said to be that
where two acts or parts of acts would be reasonably sus-
ceptible of a construction that will give effect to both and
to the words of each, without violence to either, it should
be adopted, in preference to one which, though reasonable,
leads to the conclusion that there is a conflict.  There is
no conflict between different parts of a statute if there is
a reasonable meaning of the words used, considering the
manner of their use, which will bring them into harmony.
See *Atty. Gen. v. Brown,* 1 Wis. 513; *Atty. Gen. v. Rail-
way Co.,* 35 Wis. 425; *Mason v. City of Ashland,* 98 Wis.
540, 74 N. W. 357.

Before we would be justified in applying the doctrine
contended for by plaintiffs in error, that, where two sec-
tions of the same statute or particularly two parts of the
same section of a statute are flatly contradictory of each
other, that which has the latterly position will be deemed
to govern and control, we must first conclude that there
is an irreconcilable conflict, which we cannot say of this
statute.  Having come to this conclusion, it is plain that
the law as to agency and privity of contract has no appli-
cation, and is therefore not considered.

It is next contended by plaintiffs in error that the
court below erred in permitting evidence to go to the jury
for the purpose of contradicting the record as to when the
judgment complained of in this case was rendered against
Dewaide, the original owner of the property.  The judg-
ment docket showed on its face that this judgment was
recorded on the 23d day of July, 1909; the abstractor made

his abstract, or the extension thereof, March 18, 1909; the judgment was rendered February 17, 1909. The claim of plaintiff below was that the record had been changed; in other words, the judgment had been recorded on the 23d day of February and afterwards changed to read July 23d.

The evidence complained of was admitted, not for the purpose of impeaching the record, but for the purpose of showing that the record had been tampered with, and that the judgment was actually recorded February 23d. The authorities cited by plaintiffs in error holding that the record of a court cannot be impeached in a collateral proceeding are the law; but was this evidence admitted for that purpose? We think not. The evidence was introduced and admitted for the purpose of showing what the record actually was and for the purpose of ascertaining the truth. The alterations of a record may be shown by parol evidence, such evidence not being within the rule excluding evidence to vary the record, but for the purpose of showing that the record in question is not the true record which was actually made. See *Louisville & N. Ry. Co. v. Malone,* 116 Ala. 600, 22 South. 897; *Dyer v. Brogan,* 70 Cal. 136, 11 Pac. 589; *Wilkinson v. Carter,* 22 Neb. 186, 34 N. W. 351; *Town of Woodville v. Harrison,* 73 Wis. 360, 41 N. W. 529; *Lowry v. McMillan,* 8 Pa. 157, 49 Am. Dec. 501.

In *Lowry v. McMillan, supra,* the court uses this language:

"The record is entitled to great sanctity, in the law. But then it must be an honest record. It is in vain to talk of the danger of altering or explaining a record by parol; everything imbued with fraud must give way before credible sworn testimony."

Plaintiffs in error further contend that the jury to which the case was tried was not impaneled and drawn

according to law; in other words, that talesmen were ordered at a time when there were ample jurors on the regular panel present and qualified to try the case, and not otherwise engaged. This fact was known to counsel for plaintiffs in error, if such was the fact, at or before the trial, according to their own affidavit. The record shows no objection made or exception saved to the impaneling of the jury at the time. This being true, such disqualification was waived. *Horton v. State,* 10 Okla. Cr. 294, 136 Pac. 177; *Fooshee v. State,* 3 Okla. Cr. 666, 108 Pac. 554.

Plaintiffs in error assign error in the refusal of the trial judge to give instruction No. A, as requested, which reads as follows:

"You are further instructed that, if you find for the plaintiff in this case, you will find for her in a sum not to exceed $1,047.90."

This instruction was requested upon the theory that the "Morrison judgment" against Dewaide, the judgment upon which the property was finally sold and the judgment which the defendant Sackett omitted from the abstract, was the extent of defendant's liability; defendants contending that it was the duty of the plaintiff, when she found that a wrong had been perpetrated upon her, to use all reasonable means to arrest the loss, and that she could not stand idly by and permit the loss to increase, and then hold the wrongdoer liable for loss which she might have prevented; the evidence failing to show that the plaintiff did anything to lessen the damages.

It will be noted that no amount of diligence on her part could have averted the loss of the amount of the Morrison judgment. Satisfaction of the judgment was her only remedy; consequently, she was entitled to a judgment

for that amount, but so far as a further judgment, for additional damages, was concerned, the duty to exercise ordinary care and reasonable diligence to mitigate the same rested upon her. It was only incumbent upon her, however, in this regard, to use reasonable diligence to mitigate the damages and to lessen the injury. The question in such cases is always whether the necessary acts to mitigate the damages were reasonable, having regard to all the circumstances of the particular case.

In *Uhlig v. Barnum,* 43 Neb. 584, 61 N. W. 749, the syllabus reads as follows:

"Where two parties have made a contract, which one of them has broken, the other must make reasonable exertions to render his injury as light as possible; and he cannot recover, from the party breaking the contract, damages which would have been avoided, had he performed such duty."

In *Washington County Abstract Co. v. F. S. Harris,* 48 Okla. 577, 149 Pac. 1075, opinion by Robberts, C., Ira S. Hopkins, on July 16, 1909, deeded to the plaintiff, F. E. Harris, certain lands in Washington county, which deed was recorded on July 20, 1909. On July 19, 1909, Ira S. Hopkins deeded the same land to Delilah B. Hopkins. This deed was recorded on July 19, 1909. On or about the 21st day of July, 1909, the plaintiff, Harris, through his agents, employed the Washington County Abstract Company to furnish an abstract of title to the land, and on July 21, 1909, the abstract company did furnish said abstract to Harris, but failed to show the deed from Ira S. Hopkins to Delilah B. Hopkins, which was recorded two days before the abstract was furnished to Harris. Harris, after receiving the abstract and relying on the same, paid $500 for the land. Delilah B. Hopkins then sued Harris

to quiet her title, and Harris gave notice to the abstract company and its sureties of that suit, and they refused to defend it.  Harris defended the suit alone, was defeated, and afterward sued the abstract company.  One item of damages recovered was the expense of the suit, including attorney fees.  This case was appealed to this court, and one of the questions passed upon was whether or not the attorney fee and costs were proper items of damages.  Robberts, C., in the opinion says:

"Under such circumstances, evidently it was the duty of the defendant in that case (defendant in error herein) to use reasonable means, including necessary and reasonable expenses, to defeat, if possible, that cause of action, not only that he might reduce his own loss, but it was a duty he owed to the defendant (plaintiff in error herein) to reduce any damage he might sustain by reason of the erroneous abstract."

This case is squarely in point in our judgment, and decisive of the proposition at bar, and therefore binding upon us, as to the duty devolving upon the plaintiff to exercise reasonable diligence to reduce any damages she sustained by reason of the erroneous abstract, after she had notice.

*Roberts v. Leon Loan & Abstract Co.*, 63 Iowa, 76, 18 N. W. 702, is a case in point.  The syllabus reads as follows:

"The defendant furnished plaintiff with an abstract of title, in which the period allowed for redeeming the land appeared by mistake to be ten days longer than it actually was.  Plaintiff discovered the error a day before the expiration of the time allowed for redemption, but failed to obtain the money in time to redeem, and neglected to apprise defendant of the mistake.  *Held,* that defendant was entitled to be informed of his mistake in time to enable him to avert the consequences, and that plaintiff could not recover damages without showing that such timely infor-

mation was given, and that reasonable effort had been made to secure the money."

This case goes a step further than we concede to be the law, that a failure to notify the abstractor precludes a party from recovery. A failure to notify the defendant in time to enable him to protect himself is a fact to go to the jury to aid them in determining whether plaintiff was negligent and failed to exercise ordinary care to reduce or lessen the damages.

The American and English Encyclopedia, vol. 8, p. 605, states the general rule to be:

"As it is the duty of a party injured by a breach of contract or tort to make reasonable effort to avoid damages therefrom, such damages as might by reasonable diligence on his part have been avoided are not to be regarded as the natural and probable result of the defendant's acts. There can be no recovery, therefore, for damages which might have been prevented by reasonable effort on the part of the person injured."

We believe these decisions and the text declare a doctrine consonant with honesty and fair dealing. To hold otherwise would be an absolute perversion of justice and would many times work injuries destructive and ruinous in their consequences. However, reasonable diligence and ordinary care is all that is necessary or can, in justice, be required. Time, knowledge, opportunity, and expense are all to be taken into consideration in determining whether or not the party injured exercised ordinary care to lessen the loss and mitigate the damages. The want of ordinary care is a question of fact to be submitted to the jury and to be determined by them.

The instant case was tried upon the theory, on the part of the plaintiff, that she was entitled to recover all

the damages proximately resulting to her on account of the mistake in the abstract, and that no duty devolved upon her to make any effort to lessen or mitigate the damages. The defendants seemed to be of the opinion that, if liable at all, the maximum of recovery was the amount of the Morrison judgment. The plaintiff's theory was correct, with this modification: She was entitled to all of the damages proximately resulting to her on account of the failure of defendant abstractor to note the existence of the Morrison judgment in the abstract, except damages which might, by reasonable diligence on her part, have been avoided. Such damages are not to be regarded as the natural and probable result of defendants' acts.

Under the admitted facts in this case, the plaintiff, after discovering the property was advertised for sale and about to be sold under the Morrison judgment, made no effort either to satisfy the judgment or notify the defendants. It is true, she was in Arlington, Ohio, but she had two days, or possibly three, in which to satisfy the judgment or notify the defendants, or she should have made some effort with this end in view, or given some reasonable explanation for her neglect. This property, according to plaintiff's evidence, was worth $5,000. It was within the range of possibilities for her to have borrowed sufficient money upon this property to satisfy the judgment.

We believe plaintiff's right to recover included all the damages suffered by her proximately resulting from the failure of the defendant to include the Morrison judgment in the abstract; in other words, the general rule is that, when a wrong has been done and the law gives a remedy, the compensation shall be equal to the injury; the latter is the standard by which the former is to be measured.

The injured party is to be placed as nearly as may be in the situation which he would have occupied had the wrong not been committed; with this modification, that where a party is entitled to the benefit of a contract and can save himself from a loss arising from the breach of it at a trifling expense, or with reasonable exertion, it is his duty to do it, and he can charge the delinquent with such damages only as with reasonable diligence and expense he could not prevent. The burden of proving circumstances in mitigation of damages is upon the party guilty of the tortious act or breach of contract.

The evidence was before the jury as to what the plaintiff did to lessen the damages, and it was the duty of the court to instruct the jury as to her duty to exercise ordinary care and reasonable diligence to avert the loss, if the same could be done at trifling expense and reasonable exertion on her part. This evidence showing lack of diligence on the part of the plaintiff was admissible under the general issue, and it was the duty of the court to instruct the jury that, if they believed that the Morrison judgment was of record at the time this abstract was made and delivered, the plaintiff, in any event, would be entitled to the value of that judgment as heretofore suggested, and such other damages as proximately resulted to her by reason of the erroneous omission in the abstract, and which she could not have prevented by the exercise of reasonable diligence and care on her part. We therefore believe that instruction No. 10 should have been given, as plaintiff's right to recover the amount of the Morrison judgment was unquestioned, if the judgment was of record at the time the abstract in question was extended; but her further recovery should have been limited by the instructions of the court, as heretofore suggested.

We therefore recommend that the judgment be remanded, with instructions that if the plaintiff remit all that part of the judgment over and above the amount of the Morrison judgment, with interest, the case be affirmed, and, should the plaintiff fail to agree to said *remittitur*, a new trial be granted.

By the Court: It is so ordered.