## HAMMOND-GREGG Co. *v.* BRADLEY.

[80 South. 489, Division A.]

1. EXECUTION. *Bill to enjoin. Demurrer.*
   Where a bill to enjoin the levy of an execution under a judgment alleges that no such judgment as the one in question was in fact rendered, such allegation is a sufficient answer to the claim on demurrer that the judgment is valid between the parties, whether entered on the minutes of the court rendering it or not.

2. JUDGMENT. *Entry by clerk after term.*
   A judgment entered by the clerk thirty days after the adjournment of the court is void, since section 1007 of the Code of 1906 (Hemingway's Code, section 727), expressly provides that the minutes of the court shall be drawn up, read, and signed before the adjournment of the court.

3. EVIDENCE. *Contradicting minutes of court. Parol evidence.*
   While the minutes of a court import absolute verity, and cannot be contradicted by parol, yet parol evidence is admissible not to contradict the true minutes of the court, but to show that the minutes, as they now appear, are not the true minutes actually drawn up.

3. SAME.
   While a record is conclusive evidence, yet what is or not, a record, is a matter of evidence, and may be proved, like other facts.

5. JUDGMENT. *Striking judgment from the minutes.*
   Where the chancery court enjoins the enforcement of a void judgment in the circuit court, it cannot order such judgment to be expunged or striken from the minutes of the circuit court, that being a matter to be dealt with in that court alone.

APPEAL from the chancery court of Clay county.
HON. A. J. McINTYRE, Chancellor.

Suit by J· E. Bradley against the Hammond-Gregg Co. From a decree overruling a demurrer to the bill, the defendant appeals.

The facts are fully stated in the opinion of the court.

*Roberds & Beckett,* for appellant.

In this argument, we shall confine ourselves to the fourth ground in the demurrer: There is no equity in the bill. A reading of the authorities cited will reveal a good discussion of the other grounds.

The gravaman of appellee's contention is that the clerk, through error, failed to enter the judgment at term, and entered it some time later, simply adding that it was done by consent. The addition of consent does not affect the validity of the judgment; it is surplusage. It was the right and duty of the clerk to enter the judgment, even in vacation. 18 Enc. Pl. & Pr., 446; *State* v. *Henderson* (Mo·), 86 A. S. R. 625; *Childress* v. *Carsley,* 92 Miss. 571.

The clerk needed no consent from the attorneys to enter the judgment, and his recital that he procured that consent was unnecessary and harmless. When the attorney for appellee, about thirty days after adjournment, found out judgment had not been entered, as the bill states, he should have made application for its entrance. 18 Enc· Pl. & Pr., 454-55. No matter when it is entered, it is treated as of date of rendition, 18 Enc. Pl. & Pr., 431.

In *Newman* v. *Taylor,* 69 Miss. 672, *supra,* a judgment at law had been rendered against Taylor without notice. He filed a bill to vacate the judgment, setting up he had no notice of the suit and claiming to have a defense and exhibited a receipt signed in full by one Wilkinson, an attorney who seems to have accepted of Taylor in settlement a number of claims held by Taylor against other parties. Newman demurred to the bill. The court, through Judge COOPER, held that the defendant must show he has a good defense to the original suit and this includes his showing that the party with whom he settled and took receipt had authority to

make the settlement and give receipt. The court said: "Instead of resorting to the court of law, he has applied to chancery for relief, and being in a court of equity, finds himself subjected to the operation of the equitable maxim that 'he who seeks equity must do equity,' by reason of which it was incumbent upon him to show not only that the judgment at law was void, but that he has a good defense to the suit," citing *Stewart* v. *Brooks,* 62 Miss· 492, *supra.* Even in support of a motion at law, affidavit of merit would have to be made. 15 R. C. L. 718.

The judgment is just as valid, even tho it had not been entered at all, as between the parties, as if it had been entered at the time. No entry is necessary. 18 Enc. Pl. & Pr., 453. It need not be signed at all as between the parties. 18 Enc. Pl. & Pr., 585. It may be entered in blank above signature of judge. *Childress* v. *Carley,* 92 Miss. 571.

Appellee, in substance, says to the court: "I had a fair trial in the circuit court; I was represented by an attorney there; I introduced my evidence; I had my day in court; the jury returned a verdict against me and the court, under our practice, rendered a judgment against me; but the clerk failed to enter the judgment on the record; because of this error, I now claim in a court of equity that I should be released from paying a just debt. I knew, within thirty days, that it was not entered; I knew it should have been entered; I said nothing; I knew it was the clerk's duty to enter it; the verdict and the judgment established the fact I owed it, but I am going to take advantage of your error and not pay it. Of course, I know there was no fraud; I don't claim there was; you just overlooked doing your duty. I am going to stop execution on the judgment without offering to pay the debt; I ask equity but do not offer

to do equity; I could have had judgment entered and appealed, and I knew that."

The demurrer goes to the heart of the case. We respectfully submit the demurrer should be sustained, the injunction dissolved, the bill dismissed and the cause remanded for the assessment of damages and the bond, as the law provides, treated as a judgment for the original debt.

*T. C. Kimbrough* and *J. C. Caradine,* for appellee.

When the appellee, through his attorneys, examined the minutes of the court thirty days after the court had adjourned, no judgment was found entered against the appellee, and no mention of the trial of the cause. He had the right to assume, and did assume, that thereafter no judgment could be entered against him without proper legal notice first being given. He had a right to rely absolutely upon this. He had been diligent to ascertain whether a judgment had been entered in order that he might take the proper step to protect his right, either by appeal or by motion to strike from the records any irregular or erroneous judgment.

Relying upon this, the appellee made no further inspection of the minutes of the court until he was advised that his goods and chattels were about to be levied upon by the sheriff of the county, under a pretended judgment, of which he had no legal notice of its being placed upon the minutes of the court.

The appellee knew that under the law a judgment could not be enrolled or entered at a subsequent term as of a former term of court. *Dickinson* v. *Hoff,* 3 How. (Miss.), 165; *Russell* v. *McDougal,* 3 S. & M. 234; *Rhodes* v. *Sherrard,* 8 S. & M. 318; *Moody* v. *Grant,* 41 Miss. 565.

A party cannot be denied relief from void judgment, on· the ground of laches, where there has been no attempt to enforce the cause, until then the complainant has no occasion to act. 15 R. C. L. 744, p. 197; *Cooley* v. *Baker,* 122 Ia. 440, 98 N. W. 289; 101 A. S. R, 276.

It is given as a definition of laches that it is the negligence or the omitting to do what in law should have been done, and this for an unreasonable and unexplainable length of time, and under circumstances which afforded opportunity for diligence. This definition will be found adequate, as a test, to be applied to the vast majority of cases. *Babb* v. *Sullivan,* 21 S. E. 277-79; 43 S. C. p. 436.

However great the lapse of time laches is not imputable to a party who had no knowledge of the judgment against him. It is only required of him to be diligent in seeking relief after he has had legal notice of it. 23 Cyc., page 910; *Maury* v. *Fitzwater,* 88 Fed. 768, 23 Cyc., 1046.

The appellee exercised all diligence required of him when he· went to the office of the circuit clerk, about thirty days after the trial of the cause and examined the records to ascertain if a judgment had been entered, and if so, the nature of it, in order that he might take the necessary steps to protect his rights. Surely, there was no legal necessity for him to make daily inspection of the records after this time to ascertain if any fraud or wrong was about to be perpetrated upon him by the entering of a judgment, without legal notice on the part of the defendant.

There was no legal duty upon the appellee to see that a judgment was entered in the cause. The appellant was the party who was seeking to obtain a judgment, and it was for him to see that a judgment was rendered by the court, after the trial of the cause. He failed to do this, and was therefore guilty of negligence,

and he cannot be heard to complain now, because by his own negligence, a proper judgment was not entered.

A void judgment cannot derive validity from defendant's delay for several years to have it vacated; time does not cure or improve it. *Kramer* v. *Holster*, 55 Miss. 243. A void judgment neither binds nor bars anyone. *Lake* v. *Perry*, 95 Miss. 550, 49 So. 569.

SMITH, C. J., delivered the opinion of the court.

This is an appeal to settle the principles of the case from a decree overruling a demurrer to a bill.

The bill alleges, in substance, that at the January term, 1916, of the circuit court of Clay county there was tried an action of *assumpsit* wherein the appellant was the plaintiff, and the appellee was the defendant, in which at the close of the evidence the court granted the plaintiff a peremptory instruction; the bill does not allege that no verdict was rendered by the jury, but does allege that no judgment was rendered by the court; that thirty days after the adjournment of the court for the term the clerk thereof entered upon the minutes of the court a judgment for the plaintiff for the amount sued for, reciting therein that "this order is entered by agreement of counsel for plaintiff and defendant, the same having been omitted;" that no such agreement had been entered into between counsel for the plaintiff and defendant, and the clerk was without authority to enter any such judgment; that an execution has been issued on the judgment and is about to be levied upon the appellee's property; and prays that the levy of the execution be enjoined and: "That said order and judgment be held by this court to be null and void and of no effect and the same to be ordered to be expunged and stricken from the record."

Among the appellant's contentions are: First, a judgment is valid as between the parties thereto whether entered on the minutes of the court rendering it or not; and, second, the entry of a judgment on the minutes of the court is a mere ministerial act which can be performed by the clerk of the court at any time. A sufficient answer to both of these contentions is that it appears from the bill of complaint that no such judgment as the one here in question was in fact rendered, and an additional answer to the second is that section 1007, Code of 1906, section 727, Hemingway's Code, provides that the minutes of the court "shall be drawn up, read, and signed before the adjournment thereof."

Appellant's third contention in effect is that the minutes of the court import absolute verity and cannot be contradicted by parol. This is a correct announcement of the law, but what appellee is attempting to do here is, not to contradict the true minutes of the court, but to show that the minutes as they now appear are not the true minutes actually drawn up, and for such a purpose parol evidence is admissible. *Sackett* v. *Rose,* 55 Okl. 398, 154 Pac. 1177, L. R. A. 1916D, 820; *Birdsong* v. *Dodds,* 2 Miss. Dec. 423; *In re Havird,* 2 Idaho (Hasb.) 687, 24 Pac. 542; 10 Enc. of Ev. 968.

"A record is conclusive evidence, but what is, or is not, a record, is a matter of evidence, and may be proved like other facts." *Brier* v. *Woodbury,* 1 Pick. (Mass.) 363.

And as was said by the court in *Mitchell* v. *Kintzer,* 5 Pa. 216, 47 Am. Dec. 408: "A forged record might be all fair, and smooth, and comely on its face, yet the sanctity due to an honest record would not protect it from exposure by proving the truth."

The case of *Childress* v. *Carley,* 92 Miss. 571, 46 So. 164, 131 Am. St. Rep. 546, is not in conflict herewith for the effort in that case was to show, not that the

minutes of the court there in question were not the true minutes actually drawn up, but that they were not drawn up in the manner provided by the statute.

Any rule which would shut out the appellee from showing that the judgment here in question is no part of the true minutes of the court by which it purports to have been rendered would leave life, liberty, and property at the mercy of any unscrupulous person having access to court records.

There is no merit in any of the appellant's other contentions.

When the cause comes on for final hearing in the court below, if the allegations of the bill are found to be true, the court should make the temporary injunction perpetual, but should not order the judgment expunged from the minutes of the circuit court; that being a matter to be dealt with in that court alone.

Affirmed and remanded, with leave to appellant to answer withing thirty days after filing of the mandate in the court below.

*Affirmed and remanded.*