JOHNSON *et al. v.* CARTER *et al.*

(Division B. Jan. 4, 1943.)

[11 So. (2d) 196. No. 35187.]

Kimmons & Upchurch, of Water Valley, for appellants.

Stone & Stone, of Coffeeville, for appellees.

**Alexander, J.**, delivered the opinion of the court.

Bill was filed by Henry, Louis and Willie Johnson and Henry White against Stephen Carter and Carson Hughes for possession of the following lands in Yalobusha County: 115 acres off the north side of the northwest ¼ of section 18, township 11, range 6 west. The bill alleged and the testimony disclosed title out of the United States and into the complainants who acquired by inheritance interests as follows: Henry Johnson 1/16, and the other complainants 5/16 each. The claim against which attack was made was founded upon a tax patent to Carter, the subsequent title to which passed by deed from him to Hughes.

In July, 1931, this land is alleged to have been sold to the state for taxes for the year 1930 under the description: "No. ½ NW¼, Sec. 18, T. 11, R. 6; 115 acres." In January, 1933, a lease was executed by Louis and Willie Johnson to Carter for three years to "One hundred fifteen acres more or less known as part of the Jeff Jones place belonging to parties of the second part," the lessors. The consideration was the erecting of certain improvements and the payment of taxes thereon during the tenure of the lease. It is conceded that these are the lands now in suit. In July, 1935, during the term of the lease, the tax sale was duly reported to the state. In February, 1935, Carter procured tax patent from the state, which described the land as "Pt. NW¼ North side (containing 115 acres) of Section Eighteen (18) Town. Eleven (11) Range Six (6) East, County of Yalobusha." In April, 1936, Carter executed deed to Hughes to "Part

of northwest quarter, north side, containing 115 acres,''
etc. Suit was brought in April, 1940.

The contention of complainants that Carter as their
tenant had no right to acquire the oustanding tax title
cannot be sustained. A tenant may acquire a tax patent
from the state to the demised lands when such lands had
been sold to the state prior to the lease. Walker v. Harrison, 75 Miss. 665, 23 So. 392. Certain exceptions to the
rule are invoked against its application here but we find
the contentions without merit. In applying this principle, we are met at once with the fact that the lands sold
for taxes were only the north half of the northwest
quarter of section 18, which, the court found, contained
only 80 acres. The patent to Carter likewise must be
construed to contain only such acreage. While this discrepancy was detected by the learned chancellor and
corrected in a second written opinion, the decree fails to
take it into account. We are compelled to hold therefore
that the defendants may claim through such tax sale and
patent only the north half of the quarter section, or 80
acres.

The additional tract of 35 acres adjoining the above
lands was not so sold and patented and defendants have
no valid claim as against complainants to same. Title
to such lands may not be held to have been lost to appellants through any doctrine of laches short of the ten-
year statute of limitations, Code 1930, Secs. 2285-87. Hill
v. Nash, 73 Miss. 849, 19 So. 707; Lake v. Perry, 95 Miss.
550, 49 So. 569; Cox v. American Freehold & Land Mortgage Company, 88 Miss. 88, 40 So. 739; Houston v. Nat'l
Mut. B. & L. Ass'n, 80 Miss. 31, 31 So. 540, 92 Am. St.
Rep. 565.

The complainant Henry White was a minor at the
time of the tax sale. His rights therefore are not prejudiced and due application may be made by him to redeem the lands so as to protect his undivided interest
therein. We do not understand that the decree affects

his right so to do. This disposes of the case as to the property rights of the respective parties, on both direct and cross-appeal. The direct appeal is taken from an interlocutory decree adjudging such rights, and the adjustment of the respective accounts for taxes, mesne profits, and improvements has been referred to a master to be stated in accordance with the adjudication upon appeal.

Since we hold that, as to the 35 acre tract lying south of the north half of the said northwest quarter, the appellees acquired no title, the matter of tax redemption thereof is not involved. The question of the taxes and improvements thereon is affected by the principle now to be discussed. Shortly after the tax patent was procured by Carter, the appellee Hughes consulted an attorney, R. F. Kimmons, with a view to examination of the title to said tract. On March 2, 1935, and prior to the execution of the deed from Carter to Hughes, the said attorney gave to the latter a written opinion on the state of the title, which, in addition to a disclosure that one of the owners thereof was a minor and that there were other record irregularities, stated ''From the present state of the record I am unable to say that the patent issued by the state to Stephen Carter would give him a good title.'' On the date upon which Carter executed the deed to Hughes, he executed also a deed of trust to the Bank of Oakland to secure an indebtedness to it and Hughes. This bank wrote to the same attorney the following month enclosing a copy of the written opinion above referred to and requesting ''a plain-concrete statement'' whether the title was good with or without specific exceptions. To this the attorney replied: ''I regret I can not comply with your request, but the facts relating to the land described in my letter of March 2nd, 1935, as disclosed by the record are such that I would not be willing to certify that the title to this land is good as suggested in your letter. I went as far

as I could in my letter to Mr. Hughes. In fact the record title to this land is very defective, and I do not think it proper for me to make a statement in regard to this title based on the statements of witnesses without giving the source of my information, especially when the statements are from people that I do not know and not even under oath.'' We are unable to agree with the learned chancellor that this information when viewed in the light of the knowledge of Hughes regarding the circumstances under which the patent was procured (which was done at Hughes' request), the withholding from the record of the deed from Carter, as well as the interest of Hughes in the transactions with the bank, support a contention that improvements and other expenses on this tract are free from that mala fides which precludes reimbursement. To devest the transaction of good faith, it is necessary only that there be circumstances or knowledge which are calculated to create suspicion as to the title or to put a prudent purchaser upon inquiry. Brown v. Womack, 181 Miss. 66, 178 So. 785. Expenses as to taxes and improvements were incurred thereon at his peril.

The cause is therefore reversed and remanded with directions to the trial court through its master or otherwise to ascertain and award to the appellant Henry White his proportionate part of a reasonable rental thereon against which he is to be charged with his like proportion of the taxes paid thereon in the meantime.

As to the 35 acre tract, since appellee Hughes acquired no title thereto, and for the reasons above stated, he is to be charged with a reasonable rental thereon in favor of all the complainants, without credit for taxes or improvements thereon. In the event it is disclosed that there is no separate assessment of the two tracts due account will be taken thereof.

Reversed and remanded.