WALDROP *v.* WHITTINGTON, et al.

Mar. 10, 1952.

No. 38172 (57 So. (2d) 298)

W. W. Hewitt, and Overstreet & Kuykendall, for appellants.

**Wall & Allen,** also for appellees.

**Hall, J.**

Appellants are the owners of the legal title to the forty acres of land involved in this suit unless they have lost the same by virtue of one of two tax sales herein men-

tioned. They brought this suit to remove said tax sales and conveyances pursuant thereto as clouds upon their title. Upon conclusion of the evidence for appellants the chancellor sustained a motion to exclude their evidence from which action they appeal.

The first sale was to F. W. Halford on April 4, 1921, for the unpaid taxes for the year 1920. The unknown heirs of F. W. Halford were made parties defendant to the bill of complaint and publication was duly made for them. No appearance having been made by any of said heirs a decree proconfesso was entered against them. Appellants introduced at the hearing the order of the board of supervisors approving and making final the assessment roll for the years 1919-1920 and this order fails to adjudicate the giving of the notice required by Section 6937, Hemingway's Code of 1917. Appellants also introduced in evidence the assessment roll showing the assessment of all lands in the section where the forty acres in question are located, and this forty acres does not appear to be assessed thereon. The appellants thereby made out a prima facie case as to the invalidity of the 1921 tax sale and the appellees should have been required to introduce their evidence to rebut this prima facie case.

The second tax sale was to the State on April 6, 1925, for the unpaid taxes for 1924. Appellants introduced in evidence the minutes of the meeting of the board of supervisors held in August 1923 whereby the assessment roll for 1923-1924 was approved, and a photostatic copy thereof is in the record before us. These minutes are not regular upon their face. They plainly show that without any adjudication of notice to the taxpayers as required by Section 5 of Chapter 323, Laws of 1920, there was entered upon the minutes "Ordered that the Board do now adjourn until Court in course" and that this was signed by the president of the board. The minutes show that the quoted line and the signature of the president of the board have been erased and there has been added to the minutes a copy of a notice to the taxpayers re-

quired by the said Laws of 1920 and an adjudication that said notice was published in the Franklin Advocate, a newspaper of the county, in the issue of July 5, 1923, and that the rolls have been equalized and are finally approved. Then follows an order of adjournment and the purported signature of the president of the board. The added portion of the minutes appears to have been written with a different typewriter than the one which was used in the preparation of the preceding portion of the minutes.

Appellants introduced evidence showing that no such notice was published in the Franklin Advocate in the issue of July 5, 1923. They further introduced evidence showing that the erased signature of the president of the board was his genuine signature and that the signature now appearing at the conclusion of the added portion of the minutes was not his signature. Upon this showing we are of the opinion that the appellants made out a prima facie case as to the invalidity of the 1925 tax sale and that the motion to exclude their evidence should not have been sustained but that the appellees should have been required to introduce such evidence as they could to rebut this prima facie case.

Appellees argue that the board of supervisors is a court of record and that the minutes of its meetings import absolute verity and cannot be disputed or attacked by extraneous evidence but are conclusive against the world. The authorities cited in support of this position deal only with minutes which are regular upon their face. The minutes before us in this case are not regular on their face, and come within a well recognized exception to the rule upon which appellees rely. This exception was recognized in Entrekin v. Tide Water Associated Oil Co., 203 Miss 767, 778, 35 So.(2d) 305, 307, cited by appellees, wherein this Court recently said "Oral proof to contradict, alter or change minutes *regular upon their face* is not competent." (Emphasis supplied.) See also Birdsong v. Dodds, 2 Miss. Dec. 423; Hammond-Gregg Com-

pany v. Bradley, 119 Miss. 72, 80 So. 489, and authorities therein cited; Simpson County v. Burkett, 178 Miss. 44, 52, 172 So. 329. In Sackett v. Rose, 55 Okl. 398, 154 P. 1177, 1179, L. R. A.1916D, 820, where numerous authorities are cited in support thereof, it is said: ''The alteration of a record may be shown by parol evidence, such evidence not being within the rule excluding evidence to vary the record, but for the purpose of showing that the record in question is not the true record which was actually made.''

Appellees argue that appellants' suit is barred by our two-year statute of limitations dealing with tax sales to the State, Section 717, Code of 1942, but that section expressly provides that it ''shall not apply to lands sold to the State prior to January 1, 1928'' and the sale here in question was on April 6, 1925. Consequently the statute has no application here.

Appellees further argue that the suit is barred by the three-year statute of limitations dealing with tax sales to individuals, Section 716, Code of 1942, but that statute applies only where there is ''actual occupation'' under the tax title, and in this case it appears from the record now before us that the land in question is wild land and has never been actually occupied by anyone. Consequently that statute has no application here and the only bar to this suit by limitation would be our ten-year statute which is likewise out of the picture because this suit was filed within ten years after the tax forfeited land patent was issued by the State.

Appellees also argue that appellants are barred by laches, but this Court has repeatedly held that no period of time short of the bar of the statute of limitations can be used as supporting any laches which will constitute an equitable bar to the bringing of a suit. Smith v. Smith, 211 Miss. 481, 504, 52 So.(2d) 1; Lake v. Perry, 95 Miss. 550, 574, 49 So. 569; Hill v. Nash, 73 Miss. 849, 862, 19 So. 707; Johnson v. Carter, 193 Miss. 781, 787, 11 So.(2d)196.

Appellees further argue that appellants have failed to pay taxes and have abandoned the land in question. A fee simple title to real estate is not divested by failure to pay taxes unless there is a valid tax sale, nor is the same divested by abandonment. Walker v. Polk, 208 Miss. 389, 410, 44 So.(2d) 477.

Our conclusion is that the chancellor erred in sustaining the motion to exclude appellants' evidence and the decree is accordingly reversed and the cause remanded for a full hearing on the merits.

Reversed and remanded.

**Alexander, Lee, Holmes** and **Arrington, JJ.,** concur.