## WALTERS *v.* ROGERS.

No. 39334 November 8, 1954 75 So. 2d 461

*Weir & Weir,* Philadelphia, for appellant.

*O. B. Triplett, Jr.,* Forest, for appellee.

HALL, J.

This suit involves title to 1.06 acres of land situated in the northeast corner of SE¼ of NE¼, Section 24, Township 6, Range 6 in Scott County, described as being 4.23 chains in length from north to south and 2.50 chains in width from east to west. In 1899 R. D. Chapman owned the entire 40 acre tract, together with a large quantity of other land in the same vicinity, and in that year he conveyed to R. C. McEwin 5 acres in the southeast corner of said 40 acre subdivision measuring 1 acre wide and 5 acres long, running north and south. Through subsequent grantees the appellant herein became and now is the owner of said 5 acre tract. R. D. Chapman enclosed the remainder of his land, including the said 1.06 acres, under fence. After his death, his heirs conveyed to C. F. Bishop the SE¼ of the NE¼ "less 5 acres on the east side" and under this de-

scription the land came down through numerous grantees to the appellee herein. It will be noted that the 5 acres excepted was improperly described and included the 1.06 acres in controversy. However, neither the appellant herein nor any of his predecessors in title ever extended their fence line so as to include the 1.06 acres but the same remained in the possession of Chapman and his grantees, from whom the appellee herein acquired his title. The 1.06 acres remained under the common fence until the year 1939 when the United States bought a large tract of land and in the deed to the SE¼ of NE¼ specifically excepted from the conveyance the 5 acre tract and the 1.06 acre tract. Title by adverse possession was full and complete at that time and the old fence along the north, south and east lines of the 1.06 acre tract remained intact until a few years ago when a public road was constructed along the east line thereof and the fence torn down in the course of construction.

 This case is controlled by Crowder v. Neal, 100 Miss. 730, 57 So. 1, where it is said: "In order that appellants' title to the land in controversy may have become perfect by adverse possession, it is necessary for it to have been held adversely by their grantor, Mrs. Gunning, and that their (appellants') possession should be tacked to that of Mrs. Gunning. It is manifest from the evidence that Mrs. Gunning, while in possession of this land, intended to, and did, claim it as her own under an honest, but mistaken, belief that it was within the calls of her deed. Her possession was, therefore, adverse. Metcalf v. McCutchen, 60 Miss. 145. That she would have surrendered possession, had she known that the land was not within the calls of her deed, is immaterial; for the character of her possession is determined, not by what she would have done, had this fact been known to her, but by what she actually did while in possession.

"In order that one adverse possession may be tacked to another, there must exist privity of possession between the holders thereof. 'As a general rule, it may be stated that the requisite privity may be created by any conveyance, agreement, or understanding, that has for its object the transfer of possession and is accompanied by a transfer in fact.' 2 Cyc. 451.

"This land is not included within the calls of the deed by which the lot owned by Mrs. Gunning was conveyed to appellants; but it is manifest from the evidence that all parties to this deed intended that it should be, and thought that it was, so included, and that possession thereof was by Mrs. Gunning turned over to appellants as a part of the land conveyed. It follows, therefore, that appellants' possession can be tacked to that of Mrs. Gunning. This is in accord with the great weight of authority as will be seen by an examination of the cases cited in the briefs of counsel." See also Ricketts v. Simmons, 44 So. 2d 537, not reported in the State reports.

The appellee was entitled to tack his possession onto that of his predecessors in title. There is some argument by the appellant that the appellee has lost his title by abandonment, but we have held in Meyerkort v. Warrington, 19 So. 2d 433, that title, once acquired, can not be lost by abandonment. See also Walker v. Polk, 208 Miss. 339, 44 So. 2d 477, and Waldrop v. Whittington, 213 Miss. 567, 57 So. 2d 298. The decree of the lower court is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.