## JAMES CLUE *v.* STATE OF MISSISSIPPI.

1. CRIMINAL PROCEDURE. *Indictment. Duplicity.*

    An indictment for arson, charging in the same count the burning of a cotton house, the property of one person, and the burning of cotton in the house, the joint property of said person and another, is not bad for duplicity.

2. SAME. *Code* 1892, § 1354.

    Charging two offenses in the same count is bad practice, but objection thereto can be raised only by demurrer, under code 1892, § 1354, providing that objections apparent on the face of an indictment must be so made.

FROM the circuit court of Tate county.

HON. PERRIN H. LOWREY, Judge.

Clue, the appellant, was indicted, tried and convicted of arson, and appealed to the supreme court. The opinion states the case.

*J. F. Dean*, for appellant.

The indictment in this case charges two separate and distinct offenses in one count; first, the burning of the cotton house of R. B. Carter, and, second, the burning of the three bales of cotton of Carter and Lee. This case is not analagous to *Avant* v. *State*, 71 Miss., 78. In that case the court held the defendant was indicted for burning the house only, and not for the cotton; that the cotton was only charged to be in the cotton house which was burned. Here appellant is charged with burning

the house, valued at $100, and the cotton of different owner-
ship, valued at $120. The burning of the cotton was not a
necessary averment to charge the burning of the house nor the
burning of the house a necessary averment to charge the burn-
ing of the cotton. "It is bad practice to join two counts in
one indictment charging distinct offenses." *Teat* v. *State*, 53
Miss., 439; *Strawhern* v. *State*, 37 Miss., 422; *Hill* v. *State*,
72 Miss., 527. The court should have sustained the motion of
defendant to compel the district attorney to elect on which
charge he would be tried. But if the court, in its discretion,
permitted both charges to remain in the indictment, it should
have confined the proof to one or the other, and it committed
an error when it allowed the state to prove, over defendant's
objection, that the cotton was also burned with the house.

*Monroe McClurg*, attorney-general, for appellee.

There were not two separate and distinct offenses charged in
the indictment, but if there had been, as the charge of arson in
burning the house and the charge of malicious trespass in burn-
ing the cotton, both acts being charged to have been committed
at the same time and by the same act, it would not have ren-
dered the indictment bad. *Wilkinson* v. *State*, 77 Miss., 705.
Nor is there any merit in counsel's contention that the state
should have elected whether it would ask a verdict for the
burning of the house or the burning of the cotton. Appellant
was being tried for the burning of the house, as was held in
*Avant* v. *State*, 71 Miss., 78.

CALHOON, J., delivered the opinion of the court.

The indictment charges that defendant "unlawfully, wilfully,
feloniously and maliciously did set fire to and burn a cotton
house worth $100, the property then and there of R. B. Carter,
and three bales of cotton contained therein, which cotton was
then and there the joint property of R. B. Carter and Babe
Lee, and worth $120," etc. Defendant did not demur, but

moved the court to require the state to "elect on which count in the indictment it would proceed, which motion the court overruled.

While charging two offenses in the same count is bad practice, still, as it appears on the face of the indictment, the objection should have been made by demurrer. Code 1892, § 1354. But aside from this, the charge is of one act at the same time, and we think the indictment valid. The house could not be burned without the cotton or the cotton without the house. It really charges the burning of the house and, as an incident, the cotton in it. Although differing from the case of *Avant* v. *State*, 71 Miss., 78, the reasoning of that case applies.

It is plain that defendant could not have received any detriment, and did not, by any action of the court below. He was defended there and here with marked ability, and while on the evidence we would not have convicted him, we cannot say that the verdict was manifestly wrong, and so we are compelled reluctantly to sustain the conviction.

*Affirmed.*