GARDNER *v.* STATE.*

(Division B. Dec. 6, 1926.)

[110 So. 589. No. 25912.]

1. CRIMINAL LAW. *Court is not put in error by mere general objection to testimony unresponsive in part only.*

Where testimony is in part only not responsive general objection is insufficient to put court in error, but the objectionable part must be pointed out.

2. WITNESSES. *What witness testified to on cross-examination held immaterial, so that not allowing defendant to contradict him was not error.*

     Whether witness for state in prosecution for keeping still had made whisky at other times and places, and so what he had told another in reference thereto, was immaterial, so that not allowing his testimony on cross-examination to be contradicted by defendant, was not error.

3. JURY. *Juror is not disqualified by relationship to witness.*

     Relationship of juror to witness, however close, does not disqualify juror.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 878, n. 35, 36; Juries, 35CJ, p. 320, n. 22; Witnesses, 40Cyc, p. 2771, n. 36.

APPEAL from circuit court of Humphreys county.
HON. S. F. DAVIS, Judge.

S. W. Gardner was convicted of possession of a still, and appeals. Affirmed.

*Blackwell & Reed,* for appellant.

The court below erred in permitting the witness Fraze to testify over the objection of appellant, that Cummings and Brazil, two prisoners in the Humphrey's county jail, told him that the appellant told them that the still belonged to appellant and that the witness Fraze was hired by appellant to make whisky.

What had been told them was hearsay and clearly incompetent. Aside from the testimony of the accomplice, Fraze, there is only the vaguest circumstance in this record to connect the appellant with the possession of the still. This incompetent evidence was very damaging to appellant, for by its very nature it called the attention of the jury to the fact that the appellant was apprehensive that Fraze might give him away.

Another assignment of error is based upon the action of the lower court in overruling appellant's challenge of the juror H. C. McMaster for cause. H. C. McMaster is the father of H. G. McMaster, marshal of Belzoni, star

witness for the state. It follows that H. C. McMaster was not a fair, impartial and unbiased juror, and appellant's challenge of him for cause should have been allowed. After the challenge of H. C. McMaster for cause was disallowed, appellant peremptorily challenged him and before the completion of the jury appellant exhausted his peremptory challanges. *Brown* v. *State,* 57 Miss. 424.

Appellant did not have that fair and impartial trial which is guaranteed to him by the law and this case should be reversed.

*J. A. Lauderdale,* Special Assistant Attorney-General, for the state.

C. F. Fraze was a witness for the state. His testimony alone would have made out a case for the state. The defendant was very eager to discredit the testimony of this witness before the jury. While he was being cross-examined by counsel for defendant, he was questioned with reference to certain statements that he made while in the county jail to the prisoners therein. He admitted making the statements attributed to him and gave the entire conversation between him and these other prisoners. After he had given this conversation in detail in response to a question or questions by counsel for defendant, the defendant objected to this testimony and his objection was overruled. The trial court did not err in sustaining this objection to the testimony for the reason that defendant's counsel brought it out. The answer was in response to the question propounded to this witness. Exception is taken to the action of the court in disallowing the challenge for cause to H. C. McMaster who was accepted as a juror for the state.

The court properly disallowed the challenge for cause to this juror. The relationship of a juror to a witness either by affinity or consanguinity within any degree is not a disqualification. 16 R. C. L. 259, paragraph 77; *State* v. *Hilton,* 87 S. C. 434; Ann. Cas. 1912 B 1057;

*Arnold* v. *State,* 150 Ark. 27; *Williams* v. *State,* 96 S. E. 557; *Wright* v. *Commonwealth,* 155 Ky. 750; *State* v. *Holbrook,* 97 So. 27; *King* v. *State,* 97 S. W. 488.

The judgment of the lower court should be sustained.

Argued orally by *E. O. Sykes,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

Anderson, J., delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Humphreys county of the crime of possessing a still for the manufacture of intoxicating liquors, and sentenced to the penitentiary for a term of two years. From that judgment, appellant prosecutes this appeal.

Fraze was the principal witness for the state. According to his testimony, appellant owned the still in question, and employed the witness, Fraze, to manufacture liquor on the still. Fraze was caught by the officers in charge of the still in question while engaged in the manufacture of whisky. He was indicted, and pleaded guilty to the charge of manufacturing whisky. He was arrested and put in jail with the three Brazils and a man named Cummings. Fraze was put on the stand as a witness for the state. On cross-examination he was asked by appellant's attorney whether or not he stated, while in jail, to the Brazils and Cummings that appellant had nothing to do with the still, to which question he replied that he had made no such statement. The appellant's attorney then asked the witness whether or not when he came back to his cell in the jail from down stairs that he had stated that he had told all he knew, and a lot more that he did not know. In answer to that question, the witness stated that he might have made such a statement because he was worried; and then the witness proceeded to testify regarding a statement that the Brazils and Cummings made to him, which statement tended strongly to show that appellant was guilty of the crime

of which he was charged. As soon as the appellant's attorney saw that the answer of the witness to the question was not responsive thereto, and where it was leading, he objected to his answer. The court overruled appellant's objection. The district attorney then said to the witness: "Go ahead." The witness then proceeded to testify that the Brazils and Cummings told him that appellant had told them while in jail, in substance, that the still in question belonged to him (appellant), and that the witness Fraze was a mere hireling of his for the purpose of running the still. There was no further objection by appellant to the testimony of the witness, nor did appellant ask the court to rule out any particular part of the evidence of this witness. The action of the court in admitting the testimony of this witness is assigned by appellant as error.

The attorney-general concedes that the testimony of the witness Fraze as to what the Brazils and Cummings told him in reference to what appellant told them was hearsay and ought not to have been admitted, but argues that appellant is not in a position to object to the action of the court in admitting the evidence, because it was brought out in response to a question by appellant's attorney; and for the further reason that, even though the testimony was not responsive in its entirety to the question propounded by the attorney of appellant, it was responsive in part, and it devolved upon appellant to ask the court to separate the bad from the good, and rule out that part of the testimony not responsive to the question, and this was not done. We think a very material part of the witness' answer went wholly beyond the question propounded to him by the attorney for the appellant. However, the well-established rule is that where the testimony of a witness is in part admissible, and in part inadmissible, the party seeking to have the objectionable part ruled out cannot accomplish that purpose by objecting to the whole. He must point out to the court the objectionable part, so that the court may intel-

ligently rule on it. He is not entitled to have the whole testimony ruled out, and the court cannot be put in error simply by a general objection to the testimony of the witness. Where the rule is not complied with, the party in default must suffer the consequence. We hold, therefore, that the error of the court in the admission of the objectionable testimony of the witness, Fraze, was brought about by the fault of both appellant's attorney and the district attorney.

The witness Fraze, on cross-examination of appellant's attorney, was asked, without fixing the place, where the conversation occurred; whether or not the witness in August, 1925, had a conversation with one Stuart, in which he told Stuart "it was getting too damn hot to dig post holes." and he was going to make liquor; and whether or not after that Stuart came across him "in the woods making whisky on the Hollymound plantation," and made him run off and leave there. The witness denied that he made the statements. Appellant's attorney placed Stuart on the witness stand to contradict the witness Fraze in that respect, but he was not permitted to do so by the court. The appellant assigns this action of the court as error. We think it was wholly immaterial whether or not the witness Fraze had made whisky at other times and places, and therefore wholly immaterial what he said to the witness Stuart in reference thereto. Appellant was on trial for possessing a still.

H. C. McMaster is the father of H. G. McMaster, marshal of Belzoni, and a special deputy sheriff assisting the officers who found the still in question. H. G. McMaster was a material witness for the state. H. C. McMaster was a member of one of the jury panels for the week in which appellant was tried. On his *voir dire* examination he testified that he would weigh his son's testimony in the case as he would that of any other witness. In all other respects he qualified as a juror in the case. Appellant challenged H. C. McMaster as juror for the cause.

His challenge was disallowed by the court, and before the completion of the jury appellant's peremptory challenges were exhausted. Appellant contends that the court erred in accepting H. C. McMaster on the jury, thereby requiring appellant to get him off the jury by exercising one of his peremptory challenges. The relationship of a juror to a witness, either by affinity or consanguinity, regardless of how close the relationship may be, does not disqualify such juror. 16 Ruling Case Law, p. 259, section 77.

We find no harmful error committed by the trial court.

*Affirmed.*