BARNES *v.* STATE.[*]

(Division B. Dec. 3, 1928.)

[119 So. 172. No. 27633.]

[*]Corpus Juris-Cyc References: Assault and Battery, 5CJ, section 252, p. 755, n. 54; Witnesses, 40Cyc, p. 2770, n. 35; p. 2773, n. 39.

*Percy Bell,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

252

ANDERSON, J. Appellant was indicted in the circuit court of Washington county of the crime of assault and battery with intent to kill and murder one Myer Brill. He was tried and convicted of the crime of assault and battery, and sentenced to pay a fine of one hundred dollars and thirty days in jail. From that judgment, appellant prosecutes this appeal.

Appellant testified that he had been informed that Myer Brill had been flirting with his (appellant's) wife. Appellant called Brill into his place of business, and informed the latter of what he had heard, and thereupon proceeded to assault and beat Brill with a pistol, inflicting on him several serious wounds.

Brill testified, on his examination in chief, without objection from appellant, and also on his cross-examination, that he was not guilty of flirting with appellant's wife. The appellant did not object to that testimony when it was brought out by the state in its examination in chief of Brill. Appellant offered witnesses to contradict that testimony of Brill's, which the court ruled out. To that action of the court the appellant excepted, and this is the only alleged error assigned and argued by appellant on this appeal.

The question is whether or not the impeaching testimony offered by appellant was with reference to collateral and immaterial issue. The test as to whether a

matter is collateral, within the meaning of the rule forbidding the impeachment of a witness on an immaterial issue, is whether the cross-examining party would be allowed to prove it as a part, or in support, of his case. If not, it is irrelevant; for what is improper to be proven directly cannot be rightfully proven indirectly. *Ware* v. *State*, 145 Miss. 247, 110 So. 503; *Magness* v. *State*, 106 Miss. 195, 63 So. 352; *Id.*, 103 Miss. 30, 60 So. 8; *Davis* v. *State*, 85 Miss. 416, 37 So. 1018; *Williams* v. *State*, 73 Miss. 820, 19 So. 826; *Garman* v. *State*, 66 Miss. 196, 5 So. 385; *Bell* v. *State* (Miss., not officially reported), 38 So. 795.

Under the law, the question as to whether Brill was guilty of flirting with appellant's wife was wholly immaterial—if true, it was no justification or excuse whatever in law for appellant's assault upon Brill. Appellant argues that, although it was immaterial whether Brill had flirted with appellant's wife or not, appellant should have been permitted to introduce the proffered testimony to show that Brill swore falsely when he testified that he had not flirted with appellant's wife. But the trouble with appellant's position is that it was wholly irrelevant and immaterial whether Brill's testimony in that respect was true or false. It had no bearing whatever on the issue to be tried by the jury, namely, whether or not appellant's assault upon Brill was unlawful. Appellant, as a witness in his own behalf, admitted that he committed the assault and battery upon Brill, and offered as his only excuse therefor that Brill had flirted with his wife; therefore, under the law, according to appellant's own admission on the witness stand, he was guilty of the crime of which the jury convicted him. In other words, under his own evidence he was guilty, whether Brill flirted with his wife or not.

*Affirmed.*