WALLACE v. STATE.

(Division B. May 30, 1938. Suggestion of Error Overruled June 20, 1938.)

[181 So. 522. No. 33181.]

Jason H. Floyd, of Senatobia, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was indicted for mayhem upon the person of one, Ray Havens, the indictment, omitting the formal parts, reading as follows: ''Linton A. Wallace and Charles Haywood Owens late of the county aforesaid, on the 25 day of October 1937, in said county, with the intent then and there of their malice aforethought to kill and murder Ray Havens or to cut, mutilate, disfigure and disable one of the testicles of Ray Havens, did then and there wilfully, unlawfully, feloniously and of their premeditated design cut, mutilate, disfigure and disable one of the testicles of Ray Havens. Against the peace and dignity of the State of Mississippi.''

No demurrer to this indictment was filed, and the cause proceeded to trial upon the theory of mayhem; but on the motion for a new trial it was assigned for error that the indictment was void for charging two offenses on the same ground. Defects in an indictment, appearing on the face thereof, can only be objected to by demurrer

to the indictment; section 1206, Code of 1930. It was held in Clue v. State, 78 Miss. 661, 29 So. 516, 84 Am. St. Rep. 643, that where an indictment charges two offenses, objection can only be taken by demurrer thereto. The principal assignment of error in the case is that the court erred in permitting the appellant, Linton A. Wallace, to be impeached upon an immaterial matter. Linton Wallace was granted a severance, and tried separately.

The state witness, Ray Havens, testified positively and emphatically that the appellant and Charles Haywood Owens committed mayhem on him about two o'clock Thursday afternoon, June 24th, 1937; that the appellant seized and held him while Owens cut him; and that when he was cut he fainted, and when he came to Wallace and Owens had gone. He was alone in the field when he revived; he bandaged his wounds with his underclothing, and made his way to the CCC camp, where he had been employed, and was taking a shower bath when blood was discovered on him by some of his associates in the camp. However, he refused to tell these or others about the matter and who had cut him, until several days afterwards. He having been carried to a hospital in Memphis, the county attorney communicated with him, and procured an affidavit as to the identity of the parties. He testified that the only motive he could give for the act was that some time prior to it he had stamped the fingers of the appellant, Wallace, who at the time had threatened to get even with him. He was cross-examined as to his statement made in the preliminary court, in which he admitted that the assault was occasioned because of some woman whose name was not given; at that time he was denounced in open court as being a liar; that he made such statement under excitement, and that it was not true. The physicians who examined Havens testified as to his physical condition, and sustained the charge of mutilation contained in the indictment; but the testimony of Havens was the only direct evidence as to the parties committing the assault.

The defendant, Wallace, testified on his own behalf, but his co-indictee did not testify. Wallace testified that during the entire week within which June 24th fell he had been at a place which he named, some distance away; and called other witnesses to show that he was at such place on the day of the assault. The state then introduced a witness, Ed Walters, who testified that on Wednesday, June 23rd, or Thursday, June 24th, the appellant rode out with him on a truck to a point near Poagville, he would not say definitely which day. But another witness testified to seeing the appellant in the community where the offense occurred on the 24th of June. There was testimony tending to disprove Walters' testimony, by a conversation between him and another party on a trip, moving to some other point, in which Walters was first informed of the assault. A young lady who made the bill for cement which Walters was hauling for another party testified that the cement was delivered to Walters on the 23rd of June, the day being Wednesday.

It is argued that it is immaterial where Walters was on Wednesday the 23rd, whether he rode on the wagon with Wallace on that day or not; and that consequently, under the cases of Williams v. State, 73 Miss. 820, 19 So. 826; Gardner v. State, 145 Miss. 215, 110 So. 589; Barnes v. State, 152 Miss. 250, 119 So. 172; Cofer v. State, 158 Miss. 493, 130 So. 511, and other cases, it was reversible error to impeach Wallace by showing by Walters that he rode on a truck with him to a point near where the crime was committed on either the 23rd or 24th of June. As Wallace's testimony shows, if it is to be believed, that he was not in the community during the entire week, that he rode with Walters on Saturday preceding the 24th of June, and not at any time during that week, his testimony was subject to contradiction and impeachment. Wallace emphatically testified that he was not riding with Walters on either Wednesday or Thursday, but on Saturday; while Walters was equally

emphatic that it was not on the preceding Saturday, but on either Wednesday or Thursday. Consequently it was not reversible error in this case to impeach Wallace as to his whereabouts on either of said days.

Wallace obtained an instruction which he deemed necessary for his own defense, that if the jury believed any witness in the case had wilfully and knowingly and corruptly testified falsely about a material matter, it was authorized to disregard his entire testimony. It is argued that this instruction, although requested by the appellant, made the contradiction of Wallace's evidence vital, and should cause a reversal. Of course, when the defendant procured such an instruction it was applicable to any witness, and he could not complain of the effect of such an instruction, which he had procured. The instruction could not have singled out any particular witness, but must necessarily be general in its language, although it might not be applicable to any except a single witness.

We find no reversible error, and the judgment is affirmed.

Affirmed.