## COOK *v.* STATE

No. 41955          November 6, 1961          134 So. 2d 151

*Ralph O. White, Hill Jarratt, Charles Finch*, Batesville, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McGehee, C. J.

This is a companion case to that of Ellic Lee, alias Ellis Lee, cause No. 41,954, and the records of the two cases are substantially the same.

The appellant and Ellic Lee were indicted separately in Panola County, Mississippi, for having forcibly raped Mrs. Mary Evelyn Ledbetter on June 6, 1960, at her home about ten or twelve miles west of Batesville in Panola County.

Upon motion duly filed requesting a change of venue, the motion was sustained and the cases sent to Coahoma County for trial, where both defendants were found guilty as charged and sentenced to suffer the death penalty.

The record discloses that these two cases were assigned by the Hon. Ed. H. Green, Circuit Judge of the judicial district in which Coahoma County is located, to the Hon. Curtis M. Swango, Judge of the circuit court judicial district in which Panola County is located.

Judge Swango saw to it that every legal right of the accused was protected.

The commission of the crime against Mrs. Ledbetter is not controverted either by lay or medical testimony. There was no testimony offered for the defense. It would serve no useful purpose to recite in this opinion the sordid details of the testimony relating to the commission of the crime. Suffice it to say, the prosecutrix, a young mother of twenty-three or twenty-four years of age, was working in her garden on the afternoon of June 6, 1960, when three escapees from the state penitentiary, Willie Foreman, Howard Cook and Ellic Lee, alias Ellis Lee, appeared at her home armed with firearms, forcing her into her home and shutting her three children up in a closet, tying her hands behind her, tying her feet to the rail of the foot of the bed, and according to her testimony, the said Willie Foreman placed a pillow case over her head in order that she might not be able

to see in which direction they departed in the automobile that was parked in the driveway. It was then that the appellant and Lee committed the crime charged. It clearly appears from the record that the escaped convict Willie Foreman had no part in the commission of the crime and that his purpose at the home of the victim was only to use her automobile and obtain some clothing of her husband in making their getaway.

The positive testimony of Mrs. Ledbetter was to the effect that the appellant, Howard Cook, guarded her with a firearm in the kitchen for at least five minutes or more prior to the time that Foreman suggested that they take her in the bedroom and tie her up. She had ample opportunity to identify the appellant as one of her assailants and did so.

■■ The proof further disclosed that a pair of pants belonging to Mr. Ledbetter was torn into strips for use in tying the victim of the assault. In assignment No. 4 it is complained that it was error to permit the introduction of this physical evidence, as well as the pillow case. But we think it was a part of the res gestae and that no error was committed in permitting them to be introduced in evidence.

■■ Three of the assignments of error are Nos. 1, 2 and 5, dealing with the sufficiency of the evidence to sustain the conviction, which we think are without merit.

■■ Assignment No. 3 is in regard to a juror, Mr. Farris, who is a brother of a Deputy Sheriff in Coahoma County. This deputy sheriff did not testify in the case and does not appear from the record to have manifested any interest in the outcome of the trial. The only officer who testified was the Sheriff of Panola County, who is not shown to have been related in any manner to any of the jurors.

The Supreme Court of South Carolina had a similar question in the case of State v. Cook, 204 S. C. 295, 28 S. E. 2d 842, in which it was held that the relationship

of a juror to one of the sheriff's force would not be grounds for disqualification. Cf. also Gardner v. State, 145 Miss. 215, 110 So. 589, and Goldsby v. State, 240 Miss. 647, 123 So. 2d 429. What was said in the Goldsby case as to the juror is applicable to the juror Farris in the instant case. In the Goldsby case, the Court said: "There is no evidence in the record to show that Martin (the juror) had prejudged the case, or was unable to serve fairly and impartially as a juror. On the contrary, his testimony on voir dire shows that he was fair and impartial." The record shows clearly that this was true as to the juror Farris.

The testimony of the prosecutrix was positive, clear and convincing as to the facts in the case, and the fact of the commission of the crime was corroborated by medical testimony; and as to her identification of the appellant and Lee as her assailants, Mr. Grimes testified that she reported the incident to him almost immediately. Her testimony clearly established the commission of the crime and it is wholly uncontradicted and unimpeached. As stated, she had ample opportunity to identify both the appellant and Lee before the pillow case was placed over her head, and moreover the Sheriff of Panola County found the appellant under a house late that afternoon and when he came out he was wearing a pair of her husband's trousers. When he was arrested, they found the victim's watch in his pocket, which she testified he had taken from her.

The proof shows without dispute that Willie Foreman warned the appellant and Lee that they were going to "get the gas chamber" if they carried out their purpose. Nevertheless, they persisted.

It is rare that a record in a capital case is as free of error as in this case. We find no reason whatsoever for disturbing the verdict of the jury, judgment and sentence of the trial court.

Affirmed and Tuesday, December 19, 1961, is set for the date of execution of the death sentence.

All Justices concur.