## Stanton Boroum *v*. State.

[63 South. 297-457.]

1. Jury. *Swearing. Criminal law. Punishment. Second offense. Laws* 1912, *chapter* 214. *Code* 1906, *section* 2713.

Code 1906, section 2713, dealing with the subject, does not provide when a jury shall be sworn in, and where on the trial of a charge of unlawful retailing, seven *talis* jurors were added to the panel and sworn on their *voir dire*, but were not sworn regularly as jurors until the case was closed and the jury had retired for consideration thereof, but before consideration of the case by the jury they were returned into court and regularly sworn, in such case the right of accused to a jury, guaranteed to him by law, was in noway denied, impaired, or diminished by the delay in swearing the jurors.

2. Same.

Every reasonable intendment will be made in favor of the legality and regularity of the action of the trial court in forming the jury, and mere inconsequential errors and admissions, from which no prejudice resulted or could result, may be disregarded.

3. Criminal Law. *Second offense. Punishment. Laws* 1912, *chapter* 214.

Under Laws 1912, chapter 214, providing for degrees of punishment for the first and second convictions under said act, the greater punishment provided for a second conviction cannot be imposed unless the first conviction was under said act also.

#### OPINION ON SUGGESTION OF ERROR.

Jury. *Trial. Swearing jurors. Code* 1906, *section* 1413.

Where in impanneling a jury seven of the jurors were not sworn until after the jury had retired to consider of their verdict when they were returned to the court room and properly sworn. This defect was cured, and could not be taken advantage of for the first time on appeal, since under Code 1906, section 1413 so providing, no judgment shall be reversed after the same is rendered, for any defect which might have been taken advantage of before verdict, and which shall not have been so urged.

Appeal from the circuit court of Lafayette county.

Hon. H. K. Mahon, Judge.

Stanton Boroum was convicted of unlawful retailing and appeals.

The facts are fully stated in the opinion of the court.

*Slough & Temple,* for appellant.

The seven jurors selected from the bystanders should have been sworn before passing upon the guilt or innocence of defendant and this error was not cured by the court calling them back and swearing them before verdict was rendered. Section 2713 of the Mississippi Code of 1906, says that petit jurors shall be sworn in the prescribed form given therein. If the seven jurors had been sworn at all before considering the verdict, the sufficiency of their oaths could have been waived by appellant, however, we think his action did not and could not waive this duty of the court. The courts have been careful in protecting the rights of defendant. In the case of *McCann* v. *State,* 9 S. & M. 465, the judgment of the lower court was reversed because the bailiffs were not sworn for some time after taking charge of the jury and in the case at bar the record does not show that the jury was under bailiffs at all, even though the statute as amended by chapter 214 of the Laws of 1912 make the third offense a felony. Can the court say that the defendant's rights were not prejudiced by having a jury pass upon his guilt or innocence before they were sworn?

It was error for the court to overrule defendant's motion to exclude the testimony and direct a verdict for the defendant because the allegations in the bill of indictment were not proven, viz.:

First that an unlawful sale was made on the —day of July, 1912, when the proof for the state by the witness Roberts only showed that defendant acted as his agent in buying whiskey for him. Appellant was indicted and convicted for selling whiskey, two different laws with

different penalties, sections 1746 and 1771 of the Code of Mississippi of 1906 as amended by chapter 115 of the Laws of 1908 and chapter 214 of the Laws of 1912. The appellant had a right to know the nature and cause of the accusation against him. There was no proof to sustain the allegation in the indictment, the said offense being the second violation of the Laws of 1912, chapter 214, of the state of Mississippi. And for this variance between the proof and the allegation in the indictment, the defendant should be discharged. *Tyler* v. *State,* 69 Miss. 395.

This allegation is prejudicial to defendant especially when the indictment is carried to the jury room by the jury. We think this allegation after made becomes material and the pleader should be bound by it. We respectfully represent that the appellant has not had a fair and impartial trial and should be discharged.

*Frank Johnston,* assistant attorney-general, for appellee.

There were seven jurors placed in the panel as talesjurors. They were all sworn on their *voir dire,* but it seemed that these seven jurors were not sworn regularly as jurors until the close of the case. At the close of the case, the jury returned to their room, but before they had taken their seats, it was ascertained that these seven jurors had not been sworn regularly as jurors in the case and the jury was brought into court and the regular oath administered to the seven jurors in the open court. It was shown to the court by evidence that was undisputed that the jury had, up to that time, had no conference or consultation whatever in regard to the case. They had not even talked one to the other about it, and moreover, they had not taken their seats in the jury room before they were brought back into court and the oath administered to these seven jurors.

The Mississippi statute is silent as to the time when the oath shall be administered to the petty jurors. Sec-

tion 2713 directs that an oath shall be administered and gives the form of the oath but does not either direct or prescribe the time in which it shall be given.

In *Hewitt* v. *Cobb,* 40 Miss. 61, the court stated that the rule was that the record should show with certainty that the members of the jury have been sworn. That is universally conceded to be the rule, but the precise question presented in this case is, when this oath may be administered.

I find the rule of practice announced in the text of the Encyclopedia on Pleading and Practice to be as follows: That when the statute is silent as to the time when the jurors are to be sworn, it is held to be within the discretion of the trial court to determine the practice in this respect. When the accused has been allowed a full and fair opportunity to interpose his peremptory challenges to all the proposed jurors, he is foreclosed as to the further exercise of this right by the administration of the oath to the juror at any time after he has been examined and accepted. 12 Ency. Pl. & Pr., 520.

This seems to be the rule of practice announced by the New York court in the case of *People* v. *Carpenter,* 102 N. Y. 238. As for the reason of this rule, I respectfully submit to the court that it is apparent and upon sound principles of criminal procedure or of civil procedure that the oath to the jurors in this case was administered in ample time. Up to the time that the jury begin to deliberate on the case, they are simply listeners. They simply hear the testimony and observe the witnesses and the progress of the trial. They are called upon to decide nothing, nor are they required to confer during the progress of the evidence in regard to any issue in the case. Moreover, it would be improper for them to undertake to have any conferences or consultations until the close of all the testimony and they have returned to their jury room for a conference in regard to their verdict. The action of the jury was to take

place when they began their deliberations and consultations on the case, and this oath was administered to all of these seven jurors before there was any consultation or conference or decision whatever in regard to the case.

I have not been able to find a decision by this court on the precise question, but respectfully submit that this is the sounder and better rule of practice. I desire especially to make the observation to the court that the action of the court in this case was evidently carefully guarded so as not to prejudice in any manner, and it did not prejudice in any manner, the defense of this appellant. Therefore, it is simply a mode of procedure and does not become a fatal point in the case as presented by this record. Upon the whole case, therefore, I respectfully submit to the court that the judgment of the lower court should be affirmed.

REED, J., delivered the opinion of the court.

Stanton Boroum was convicted on a charge of unlawful selling of liquor in August, 1912. It is alleged in the indictment that the offense is "the second violation of the Laws of 1912, chapter 214." He was fined $200 and sentenced to sixty days in jail. The evidence in the case is sufficient to support a conviction for unlawful selling.

Upon the trial seven tales jurors were added to the panel. They were sworn on their *voir dire,* but were not sworn regularly as jurors until the case was closed and the jury had retired for consideration thereof. It appears that just after the jury had retired the clerk stated to the court that the seven jurors had not been sworn to try the case. All of the jurors were then returned to the court room and the seven were duly sworn. It does not seem that they had entered into a conference relative to the case before they were called back. The failure to swear the jurors before the trial began is assigned as error by appellant.

The statute of this state (section 2713, Code of 1906) does not state when the juror shall be sworn in. We do not find that any prejudice resulted from the failure to swear in the jurors at any particular stage in the trial. The case against appellant had proceeded in the due and usual way, and the tales jurors were properly sworn before they entered into a conference of the case and had deliberated for the purpose of reaching a verdict. We do not see that the right of appellant to a jury, guaranteed to him by law, was in any way denied, impaired, or diminished by the delay in swearing the jurors.

We take the following from 12 Enc. Pl. & Prac., 532: "Every reasonable intendment will be made in favor of the legality and regularity of the action of the trial court in forming the jury, and mere inconsequential errors and omissions, from which no prejudice resulted or could have resulted, may be disregarded. Hence, in reviewing the rulings of the trial court, its action will not be revised unless it appears that the rights of the appellant or complaining party have been prejudiced, or that the law has been violated."

We conclude that this assignment of error is not sufficient for reversal of the case.

In the indictment it was charged that the sale was the second violation by appellant of the Laws of 1912, ch. 214. The testimony shows that it was about three or four years before the trial in March, 1913, when appellant was convicted of a former unlawful selling of liquor. This was prior to the enactment of chapter 214, Laws of 1912. By that statute a different punishment is provided for the first and for the second conviction. Upon the first conviction the punishment shall be by a fine of not less than fifty dollars nor more than five hundred dollars, or by imprisonment in the county jail not less than one week nor more than three months. Upon a second conviction the punishment shall be a fine of not less than one hundred dollars nor more than five hundred dollars,

or by imprisonment in the county jail not less than sixty days nor more than six months. Paragraph B of the act, providing punishment for the second conviction, further reads: "If the conviction is for an offense under this act, committed after a conviction and punishment for a former offense hereunder."

Now it will be seen that the first conviction and punishment of appellant for unlawful selling was not a former offense under chapter 214, Laws of 1912; therefore he should not have been punished in the present prosecution as for a second conviction. But the indictment stated sufficiently the charge of unlawful selling, and a conviction thereunder necessarily included a conviction of a first offense committed after the passage of the act. While his conviction was legal, yet it may be that the court, in passing sentence upon him, followed the provision of punishment for conviction of a second offense. Appellant may be heard to complain, therefore, of his sentence in this case, and we conclude that the case should be remanded to the trial court, in order that a new sentence may be pronounced.

We do not find any reversible error in any of the other assignments presented by appellant. The case is affirmed, and is remanded for the purpose only of resentencing appellant.

### ON SUGGESTION OF ERROR.

Reed, J., delivering the opinion of the court.

It is provided in section 1413 of the Code of 1906 that no verdict or judgment shall "be arrested, reveresed, or annulled after the same is rendered, for any defect or omission in any jury, either grand or petit, or for any other defect of form which might have been taken advantage of before verdict, and which shall not have been so taken advantage of."

In the case of *Hayes* v. *State,* 96 Miss. 153, 50 South. 557, it was decided that an objection to the indictment

for the reason that the grand jury returning it had not been sworn is not well taken, when first raised after conviction on motion in arrest of judgment, and that a defendant is not cut off from raising a jurisdictional question by the statute, but only limited in the time in which he may raise the same.

In order that all that was done in the trial of this case relative to the swearing of the tales jurors may be fully and exactly known, we set forth the statement of the court, made upon motion by appellant for a new trial, which is as follows: "When this case was called for trial and proceeded with the impaneling of the jury, all the regular jurors for the week were exhausted by challenge for cause and also by peremptory challenge. The sheriff was directed to summon some good and lawful men to act in this case as jurors, which was done, and finally, after challenge for cause and peremptory challenge, counsel for defendant and counsel for the state accepted the jury. The jury remained in the jury box throughout the entire trial of the case, heard the testimony and arguments, received the instructions of the court, and then were retired to the jury room to consider their verdict, under the instructions that they were to remain together and to be in charge of the bailiff. The bailiff, with the jury, proceeded to the jury room, and they had been in that room for a few minutes—perhaps considered some parts of the case—when the court's attention was called by the clerk of the court that the seven jurors that had been chosen from the bystanders had not been sworn to try this case. Thereupon the court ordered the bailiff to return the jury into the court room. Without asking any questions, the court simply stated that he had overlooked swearing those seven jurors to try the case, and that the clerk had also overlooked the matter, all parties concerned had overlooked it, and thereupon swore those seven jurors as provided by law. Thereupon they retired to their jury room with the instruction to re-

main together in charge of the bailiff to consider their verdict and deliberate on the verdict at their pleasure, and they returned into court the verdict. 'We, the jury, find the defendant guilty as charged in the indictment.' '' It does not appear, from this statement by the court of everything which occurred touching the administering of the oath, that the omission complained of was taken advantage of before verdict as required by the statute.

In the suggestion of error it is claimed that we were incorrect in our statement in the opinion that it did not seem that the jurors had entered into a conference of the case before they were called back. We note that the court stated that the jury had been in the room for a few minutes and had "perhaps considered some parts of the case" when called back. And this statement is borne out by the testimony of the jurors introduced on motion for a new trial. However, we consider that the extent of the conference by the jurors after they retired, or whether they conferred or deliberated at all, is immaterial in view of our conclusions in this case as now set forth.

*The suggestion of error is overruled.*