## GASTON *v.* STATE.

[65 South. 563.]

CRIMINAL LAW. *Second offense. Punishment. Code* 1906, *chapter* 214. Where accused was tried for the unlawful sale of intoxicating liquors, as for a first offense, and the indictment did not charge a former conviction, he can only be punished as for a first offense under Laws 1912, chapter 214.

APPEAL from the circuit court of Choctaw county.

HON. J. A. TEAT, Judge.

Jack Gaston was convicted of unlawful retailing of intoxicating liquors and appeals.

The facts are fully stated in the opinion of the court.

*Adams & Dobbs,* for appellant.

The sentence imposed by the court was as for a second offense, and the indictment fails to charge that the alleged sale was a second offense; and therefore, the court was without power to impose the severer punishment. This honorable court held, in the case of *Hogget* v. *State,* 57 So. 812, that: "Where a greater punishment may be inflicted for a second subsequent violation of a penal law than for the first, the fact that the offense is for a second or subsequent violation must be directly averred in the information or indictment to justify the increased punishment," the court quoting from 10 Ency. Pl. & Pr., 489. This ruling was re-announced in the case of *Britton* v. *State,* 58 So. 530. The trial court did not have jurisdiction to render the particular judgment rendered against this appellant, and it is therefore void as to the sentence.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

The part of the argument which argues that the sentence was excessive is as to that part sound and if this

was cause for a reversal, it should only be as to the sentence and not as to the question of guilt or innocence. I submit, however, that where the court, looking at the record, can see that the trial court desired to give the limit on imprisonment, that it would not be necessary to remand for a re-sentence where the limit had been exceeded by the trial court, but the court could enter an order here correcting the sentence, and I respectfully submit that this course ought to be followed in this case.

REED, J., delivered the opinion of the court.

Appellant was convicted on a charge of unlawfully selling intoxicating liquors, and as punishment therefor was sentenced to imprisonment in the county jail for six months.

We find that appellant was given a fair trial, that the court did not commit any error in the trial, and that the verdict of guilty is supported by the evidence.

The statute under which the indictment was returned is chapter 214 of the Laws of 1912. The punishment therein provided for the first conviction for an offense committed after the passage of the law is a fine of not less than fifty dollars nor more than five hundred dollars, and imprisonment in the county jail for not less than one week nor more than three months. If the conviction is for an offense under the statute committed after a conviction and punishment for a former offense thereunder, then the punishment is by a fine of not less than one hundred dollars nor more than five hundred dollars, and by imprisonment in the county jail not less than sixty days nor more than six months.

In this case the indictment does not charge a former conviction of the offense. Appellant was charged, tried, and convicted as for a first offense. The court should not have sentenced appellant to imprisonment for six months. Under the statute, the imprisonment could not have been for a longer term than three months.

The case is affirmed, and is remanded for the purpose only of resentencing appellant.

. *Affirmed and remanded.*