## WILLIAMS *v.* STATE.

### [87 South. 672.    No. 21496.]

1. CRIMINAL LAW.    *Evidence insufficient to show conviction of prior offenses under statute.*

   Where a person is indicted for the unlawful sale of intoxicating liquors under section 1 (c), chapter 214, Laws 1912 (section 2086, Hemingway's Code), which provides that on conviction the punishment shall be "by imprisonment in the state penitentiary not less than one year nor more than five years, if the conviction is for an offense under this Act committed after the person convicted has been convicted and punished for two former offenses thereunder," and the testimony as to the two former convictions and punishments showed that the defendant had pleaded guilty in a justice of the peace court and prosecuted an appeal to the circuit court, in which court the cases were docketed, and the minutes of the circuit court fail to show any disposition of the cases in that court, they are still pending cases in the circuit court. Consequently there is no proof of two former convictions and punishments under this act.

2. CRIMINAL LAW.    *Punishment as for first conviction only held warranted.*

   Under this testimony the defendant can only be punished as for a first conviction under section 1 (a) of this act.

3. CRIMINAL LAW.    *Minutes of circuit court cannot be contradicted by parol; supreme court orders and judgments shown by minutes.*

   The circuit court speaks through its minutes. These court minutes import absolute verity and cannot be contradicted by parol, The orders and judgment of this court are shown on its minutes.

APPEAL from circuit court of Simpson county.

HON. W. H. HUGHES, Judge.

Ascus Williams was convicted of unlawfully selling intoxicating liquors, and he appeals.    Affirmed, and remanded for sentence.

*Hilton & Hilton,* for appellant.

We concede that this defendant was guilty of selling whiskey on this occasion as shown by the record. We concede that on two former occasions he pleaded guilty to selling whiskey for two separate offenses and was fined fifty dollars and five days in jail in each. But we contend that there was no punishment and convictions under section 2086 of Hemingway's Code for the first and second offense; that there is no legal proof of any convictions whatever for former offenses. Section 727 of Hemingway's Code require the circuit court to keep minutes of its proceedings. The circuit court shows by its dockets and appeal, papers therein on appeal of the two convictions in the justice court, which made the justice court convictions inoperative, and therefore the minutes of the circuit court must speak dismissal with writs of *procedendi* or convictions carrying punishments under 2086 before the third conviction may be had. In the case of *Childress* v. *Carley,* 92 Miss. 571, this court has spoken as to the sanctity and verity of circuit court minutes. We presume that the state's counsel would not contend seriously that there must not be a minute record of the disposal of these cases. He alleges, however, that the records show that one of these cases were dismissed to the mayor's court with a writ of *procedendo.* This record is not the minute record, however, the state's case fails because it only shows one conviction. Counsel cites the statement of the lower court that the payment of the fines by the defendant operated as a dismissal. The answer to that is twofold; first, the court below excluded evidence showing the true facts about this matter; second, the evidence with reference to this payment was incompetent and illegal.

Counsel contends there was no error in overruling the demurrer and cites the Robinson case. In the Robinson case the indictment set forth in detail the two former acts of the defendant, which of course sufficiently charged the crime. But here two former sales in courts of competent

jurisdiction were not alleged, but merely alleged that he had been convicted of two former offenses of like character, without setting forth any detail to show the crime.

Counsel argues that competent proof has been introduced.  He cites the evidence of Judge Kennedy.  We think the trouble with Counsel's argument is that he has overlooked paragraph (c) of section 2086, of Hemingway's Code, which provides that to maintain the third conviction there must have been two former convictions hereunder.  It does not say two former convictions, but it says two former convictions and punishments, and the convictions and punishments must be under this statute. Counsel argues that the answer to this proposition is that he was tried for both offenses on the same day and was not confronted with a prisoner who had already been charged under paragraph (a), and not having an affidavit made under paragraph (b) could, therefore, not convict and punish under paragraph (b).  It seems to us that it would have been a very small matter after the first conviction to have had the affidavit amended so as to bring the case under paragraph (b).  We think that until there is a conviction and punishment shown under paragraph (b) there can certainly be none under paragraph (c).  We think again that counsel's contention helps us here for the reason that he contends himself there has been no conviction under paragraph (b) but both of the former were under paragraph (a), which if true still shows there is no conviction under paragraph (b) and therefore can be none under paragraph (c).

Inasmuch as there has been no attempt in either of the two other trials, to prosecute under section 2086, of Hemingway's Code we think this case should be settled as was the case of *Britton* v. *State,* which is squarely in point.

In that case there was an attempt to convict for the second offense under chapter 214 of the Acts of 1912.  This court held that because the act was committed prior to 1912 that section 1573 of the Code of 1906, which is section 1335 of Hemingway's Code, kept alive the Acts of

1908, chapter 115, section 1746, under which the defendant could be punished as a first offense and this should be done although the Act of 1912 is not applied. This is exactly the attitude here; the convictions in the justice court relied on were no attempts to prosecute under section 2086 of Hemingway's Code and therefore under section 1335 of Hemingway's Code chapter 115 of Acts 1908, applied to the first convictions and they should be held as convictions under that act, should they be construed as competent proof in the case at all.

Counsel contends that the state's instruction was correct, that it followed paragraph (c) of section 2086 of Hemingway's Code which is as follows: "By imprisonment in the state penitentiary not less than one year nor more than five years, if the conviction is for an offense under this act committed after the person convicted has been convicted and punished for two former offenses hereunder."

The instruction for the state did not require the jury to believe that he had been convicted and punished for two former offenses under the act. The state did not show that he had been convicted and punished for two former offenses under the act, but merely charged the jury that if he had been convicted of two offenses of like character it was sufficient to convict him on this charge.

We submit to the court that the appellant has received no semblance of a fair trial for the crime for which he has been convicted, and although he be a negro and has sold whiskey before, we think that justice and fair play under our law require punishment for crime charged and not convictions on general principles.

*H. Cassedy Holden,* for appellee.

Selling liquor is a violation of section 2086, Hemingway's Code (chapter 214, Laws of 1912). Therefore it was proved that the defendant had twice before been convicted, sentenced and punished for a violation of this stat-

ute.  His punishment consisted of a fine of fifty dollars
and cost and five days' imprisonment in each case until
same should be paid, for each former conviction.  The
fines and costs were paid by him and he, therefore, under-
went the punishment imposed upon the convictions for
two separate offenses prior to the offense charged in the
indictment in this case.

It is contended that although the defendant was proved
to have been convicted twice of selling liquor prior to the
offense charged in the indictment, he was not proved to
have twice violated the above statute.  It is said that the
two former convictions and sentences indicate that they
were not for a violation of the above statute since both
fines were fifty dollars and costs which would indicate a
first offense covered by paragraph a of the statute.  The
answer to this contention is obvious.  The defendant was
tried by Justice of the Peace Kennedy for two separate
offenses committed at different times.  There were two
affidavits and the defendant was tried separately on each
affidavit but on the same day.  At the time these trials
took place, Justice of the Peace Kennedy could not have
fined the defendant under paragraph b of the statute.  He
was not confronted with a prisoner who had been tried,
convicted and punished for retailing liquor.  He was con-
fronted with a prisoner against whom two affidavits had
been made, charging two separate offenses for which the
defendant had never been tried and convicted.  His honor
was eminently correct in assessing a fine of fifty dollars
and costs in each case against the defendant, proceeding
under paragraph a.

But, when the defendant was indicted by a grand jury,
based upon a violation of the statute which occurred on
August 12, 1919, the circuit court was confronted with a
prisoner who had been previously convicted of two like
offenses in the justice of the peace court of W. T. Ken-
nedy.

Paragraph c of the statute reads as follows:  "By im-
prisonment in the state penitentiary not less than one year

nor more than five years, if the conviction is for an offense under this act committed after the person convicted has been convicted and punished for two former offenses hereunder. (Laws of 1912, ch. 214, in effect March 8, 1912.)"

Under this statute it was, therefore, proper for the grand jury to indict the defendant for a third offense. And it was proper, upon conviction, for the circuit court to sentence the defendant in accordance with this paragraph of the statute.

Instructions: The appellant complains of the instruction given in behalf of the state which appears at page 59 of the record. There is nothing wrong with this instruction. It is based squarely upon the law and the facts of the case. It follows paragraph c of section 2086, Hemingway's Code (chapter 214, Laws of 1912) a more proper instruction in the case could not be imagined.

The appellant complains of the refusal of the court to grant three instructions for the defendant which appear at pages 59, 60 and 61 of the record. A reading of these instructions will instantly reveal their lack of propriety.

As to the first refused instruction it is only necessary to say that it was not incumbent upon the state to prove two former convictions in the circuit court. It was sufficient if two former convictions in the justice of the peace court were proved, and these convictions were actually proved.

As to the second refused instruction, it will be sufficient to say that it made no difference whether or not the two appealed cases from the justice of the peace court to the circuit court had been disposed of. It was only necessary to show that the defendant had been twice before convicted and punished, and this was shown. As to the third refused instruction it need only be said that it was not imperative that the state prove that the punishment for the two former convictions had been carried out according to the judgment of the court. It was only necessary to prove that the defendant had twice before been

convicted and punishment inflicted by the .court. Not only was this shown, but it was shown further that the punishment inflicted by the court had been carried out in each of the former convictions before the justice of the peace. Moreover, all three of these refused instructions attempt to submit to the jury questions of law and not questions of fact. Questions of law should not be submitted to the jury, as this court well knows.

Counsel for appellant cites the following cases to sustain his several contentions: *Britton* v. *State,* 53 So. 530; *Boroum* v. *State,* 63 So. 297; *Gaston* v. *State,* 65 So. 563.

In the Britton case the defendant was convicted and sentenced as for a third offense, under chapter 214, Laws of 1912. The indictment did not charge the third offense. The court, therefore, held that the defendant could not be convicted of a third offense, since it was not charged in the indictment. This case has no bearing upon the issues in the case at bar.

In the Boroum case the defendant was convicted and sentenced for a second offense under chapter 214, Laws of 1912. The evidence developed the fact that the first offense charged in the indictment had been prior to the enactment of the said chapter 214, Laws of 1912. The court, therefore, properly reversed and remanded the case for a proper sentence as for a first instead of a second offense under the said chapter.

The Gaston case is practically identical with the Boroum case. None of these cases constitute guiding authority for the court in the case at bar. The indictment in the instant case charges a third offense sufficiently and properly. The evidence undoubtedly proves a third offence as charged in the indictment.

SYKES, J., delivered the opinion of the court.

The appellant was indicted, tried, convicted and sentenced to serve a term of five years in the penitentiary under section 1 (c) of chapter 214, Laws 1912 (section 2086, Hemingway's Code). Section 1(c), relating to a punishment for the unlawful sale of liquor under this act,

125 Miss—23

provides that this punishment shall be "by imprisonment in the state penitentiary not less than one year nor more than five years, if the conviction is for an offense under this act committed after the person convicted has been convicted and punished for two former offenses hereunder." The testimony relating to the two former convictions and punishments of the appellant under this act was as follows:

W. T. Kennedy, a justice of the peace, testified that two affidavits for selling whisky on different dates were made against this defendant before him and that the defendant pleaded guilty and was sentenced to pay a fine of fifty dollars in each case and the defendant appealed the two cases to the circuit court. The two judgments in the justice of the peace courts were also introduced in testimony, together with the record of this court, which showed that the cases were duly appealed to the circuit court. The records of the circuit court showed that these two cases were docketed in that court and the minutes of the circuit court show no disposition of either one of them. In the circuit court it appears from this testimony that there was also a docket there kept called the court's docket. On this docket a notation was made in one of these cases, apparently in the handwriting of the judge, to the effect that it was dismissed with a writ of *procedendo* to the mayor's court. In the other case it seems there was some notation to the effect that the case "was put on file."

Dehors the court records it is shown that by some agreement the defendant was allowed to pay a fine of one hundred dollars in settlement of these two cases. All of this testimony was introduced to show the two former convicitons and punishments of the defendant under this act. The records of the justice of the peace court showed that these two cases were properly appealed from his court to the circuit court. The minutes of the circuit court should show the disposition of the cases by that court. This court speaks through its minutes. These two cases were prop-

erly appealed and docketed in the circuit court and the minutes of that court fail to show any disposition of them. Section 1007, Code of 1906 (section 727, Hemingway's Code), provides for the keeping and signing of the minutes of courts wherein the proceedings of the court are recorded.    These court minutes import absolute verity and cannot be contradicted by parol. *Jones* v. *Williams,* 62 Miss. 183; *Hammond-Gregg* v. *Bradley,* 119 Miss. 72, 80 So. 489; *Childress* v. *Carley,* 92 Miss. 571, 46 So. 164, 131 Am. St. Rep. 546.

In the absence of any order or judgment of the circuit court appearing upon its minutes, it follows that these two cases are still pending in the circuit court and that the defendant has not been convicted and punished for two former offenses under this statute.    His conviction under this indictment is therefore for a first offense and he should have been sentenced therefor under section 1 (a) of his law. *Boroum* v. *State,* 105 Miss. 887, 63 So. 297, 457; *Gason* v. *State,* 107 Miss. 484, 65 So. 563.

The judgment of the lower court is affirmed, and the cause remanded for sentence as for a first offense under paragraph (a) of this law.

*Affirmed and remanded for sentence.*