MILLWOOD *v.* STATE.

(In Banc.   April 14, 1941.)

[1 So. (2d) 582.   No. 34484.]

Harmon **W. Broom**, of Jackson, and **N. W. Sumrall**, of Belzoni, for appellant.

**Geo. H. Ethridge,** Assistant Attorney-General, for the State.

**Griffith, J.**, delivered the opinion of the court.

Chap. 214, Laws 1912, Section 2236, Hem. Code 1927, in prescribing the grade of the offense or the degree of the punishment for violations of that statute which prohibits the sale, or having in possession for sale, of intoxicating liquors, provides as follows:

"(a). By a fine of not less than fifty dollars nor more than five hundred dollars, or to be imprisoned in the county jail not less than one week nor more than three months, or both, for the first conviction for an offense committed after the passage of this Act.

"(b). By a fine of not less than one hundred dollars nor more than five hundred dollars, and by imprisonment in the county jail not less than sixty days, nor more than six months, if the conviction is for an offense under this Act, committed after a conviction and punishment for a former offense hereunder.

"(c). By imprisonment in the State penitentiary not less than one year nor more than five years, if the conviction is for an offense under this Act committed after the person convicted has been convicted and punished for two former offenses hereunder."

It was the evident purpose of the quoted gradations to attack deliberate repeaters, or those who would persist in violations of the statute after being brought to book for previous violations. As correctly said by the learned Attorney General, who confesses error, "it was contemplated that after a person was convicted of the unlawful (sale or) possession of intoxicating liquor, he was charged with notice that if he again committed the offense after such conviction he would suffer a greater punishment than was imposed upon him for the first offense. And likewise, if he was convicted of a second offense he was then warned by the statute that if he again violated it (that is to say by an offense committed after the second conviction) he would be branded with the stigma of felony and punished by imprisonment in the State penitentiary."

And under the reasoning set forth in Brewsaw v. State, 168 Miss. 371, 151 So. 475, when the procedure seeks to hold the accused as a second offender it must be charged in the affidavit or indictment and shown by the proof that previously to the commission of the offense then being prosecuted, the accused had been convicted of a first offense under the statute; and when the accused is being prosecuted for a felony or third offense, the indictment must charge and the proof must show (1) that the accused had been convicted of a first offense, and (2) that after being convicted of the first offense he committed

the second offense and was convicted for it as such, and (3) after the successive offenses and convictions in the order aforesaid, he committed the third or felonious offense.

Neither the indictment nor the proof in this case, which is a prosecution as for felony, measures up to the requirements set forth in the foregoing paragraph, and a reversal would follow as a matter of course, except that the point has been suggested in conference that the quoted language of Chapter 214, Laws 1912, as regards the elements required for the application of the heavier penalties for the second and third offenses, has been changed in Section 1974, Code 1930, thus allowing the contention that all that is now required for the felony charge is that there shall have been two previous convictions, even though the three offenses may have been committed on the same day, and before any convictions for either of them.

The construction last suggested would drain the gradations provided by the statute of all reason; and it is a maxim of construction of legislative enactments that they shall be so interpreted as to bring them into conformity with the manifest purpose and reasons which lie at their foundations. But here the change was in a general revision of the statutes of the state, and as to this the authorities all say that "no rule of statutory construction rests upon better reasoning than that in the revision of statutes, alteration of phraseology, the omission or addition of words, will not necessarily change the operation or construction of former statutes. The language of the statute as revised or the legislative intent to change the former statute must be clear before it can be pronounced that there is a change of such statute in construction and operation." Cole v. Sloss-Sheffield Steel & Iron Co., 186 Ala. 192, 65 So. 177, 178, Ann. Cas. 1916E, 99. And see the text, and the numerous cases cited in 59 C. J., pp. 894-896.

The authorities recognize that brevity, conciseness, abridgement and condensation are among the ends towards which code revisions strive, and that these rather than changes in the meaning and purpose of the incorporated statutes are the objects, unless the purpose to change the meaning and effect of a particular statute is so plainly apparent that no other conclusion can be reasonably entertained. And in this connection it may be interesting to note that the Code Commissioners in submitting their revision of the general statutes of the State in 1930 sent along with it a booklet in which they pointed out the suggested changes in every section revised, and as to this particular section they said: "Rewritten for brevity and to eliminate obsolete matter."

In accordance with the rule to which we have now called attention, our present Section 1974, Code 1930, must be interpreted, in regard to the gradations of the offense, as if the amplified language of Chapter 214, Laws 1912 had been brought forward and incorporated in haec verba, and with the requirements in the procedure under it which we have already stated. It is true that by Section 2, Code 1930, the old law was repealed, and it is not that we look to the old law as being still in existence; but we must consider it, nevertheless, by way of aid to a proper construction or interpretation of the revised abridgment which took its place.

It has been suggested also that we should reverse only as to the felony sentence, but remand for a proper sentence as a misdemeanor. We think that the reasons for an entire reversal and remand are as much here present in substantial aspects as in Brewsaw v. State, supra, and that will be the judgment here.

Reversed and remanded.

### SPECIALLY CONCURRING OPINION.

**Alexander, J.,** delivered a specially concurring opinion.

I assent to the interpretation given by the majority opinion to Section 1974, Code of 1930, but do not agree

that the basis therefor is necessarily related to a principle which revives and transplants the former statute in haec verba, even though it allows an interpretation thereof to take into account the history and purpose of the former statute. Such factors are under all circumstances available to this end, and the existence of a former enactment dealing with the same or similar subject matter ought to be seen merely as a relevant or incidental circumstance. To hold otherwise invites scrutiny of all statutes repealed pursuant to Section 3 of the Code of 1930, with a view to their restoration on the ground that they can be identified as precursors of a later statute.

Since the third offense under paragraph (c), Section 1974, must be charged as such, so the second offense must have been likewise so alleged. Paragraph (c) makes its violation a felony. It is not a mere provision permitting a penitentiary sentence upon conviction of a misdemeanor. A defendant indicted under this paragraph would be entitled to the number of peremptory challenges applicable to felonies. The defendant has the right to demand and to be informed of the nature and cause of the accusation against him. Section 26, Miss. Const.

I assent to the disposition of the case by reversal and remand rather than a mere remand for proper sentence. In addition to the reasons given in the majority opinion, it is apparent that if the defendant is considered as having been convicted of a constituent misdemeanor it will be seen that he was convicted upon testimony which was inadmissible and highly prejudicial. Two former convictions for the sale of intoxicating liquor were proved by the state. Regardless of how appropriate such evidence would be in a proper prosecution under paragraph (c), it was so improper and prejudicial under a prosecution as for a first offense that this Court ought to take notice thereof.

DISSENTING OPINION.

**Smith, C. J.,** delivered a dissenting opinion.

The amendment just made by the Court to paragraph (c) of Section 1974 of the Code of 1930 may be, and I am inclined to think is, a good one, but to make it is the province of the Legislature and not of this Court. All that paragraph (c) of that section of the Code, as written, requires to support a sentence imposed under it is that the conviction on which the sentence is imposed shall be "after having been twice convicted of its [the section's] violation."

My associates do not hold otherwise, but they say that language contained in Chapter 214, Laws of 1912, omitted when it was brought forward into the Code as Section 1974 thereof, must be read into the section by the Court and the section interpreted "as if the amplified language of Chapter 214, Laws 1912 had been brought forward and incorporated in haec verba." The rule cited for this is in vogue in some states, but has never heretofore been acted on by this Court and runs counter to Section 3 of the Code, which provides that: "From and after the said first day of November, nineteen hundred and thirty, all acts and parts of acts, the subjects whereof are revised, consolidated and re-enacted in this Code, or repugnant to the provisions contained therein, shall be, and the same are hereby, repealed, subject, however, to any express exceptions or regulations relating thereto which may be contained in this Code . . ." This can only mean that where a former statute has been brought forward into a section of the Code, the meaning of the section must be determined by the language chosen by the Legislature to express its purpose when enacting the Code. Cf. Eagle Lumber & Supply Company v. Robertson, 161 Miss. 17, 135 So. 499. If the Legislature otherwise intends, that intention must be evidenced by an "express exceptions or regulations relating thereto" set forth in the section by which the former statute was brought into the Code or elsewhere in the Code. Of course, if the

Code section is ambiguous, resort may be had to the former statute in order to clear up the ambiguity. But, if Section 3 of the Code is to be held not to govern here, the same result should follow under the rule of construction here adopted and applied, for it seems clear that the Legislature intended the section to be enforced as adopted by it, for had it not so intended and desired the old statute to remain in force as there written, it is hardly probable that it would have left so serious a matter in doubt. It would not have left its intention relative thereto to be ascertained by rules of construction which the courts might or might not adopt or apply.

In any event, the judgment should be reversed only insofar as it imposes sentence under paragraph (c) of the statute, and be remanded only for sentence under paragraph (a) thereof. The appellant was indicted and tried for making a particular sale of intoxicating liquor after he had been theretofore twice convicted for making similar sales. He could not have been convicted without proof of the particular sale. Consequently, the verdict of guilty as charged necessarily includes guilt as to the particular sale. This exact question was decided in Williams v. State, 125 Miss. 347, 87 So. 672; Gaston v. State, 107 Miss. 484, 65 So. 563; Boroum v. State, 105 Miss. 887, 63 So. 297, 457, wherein the Court held that where a defendant is tried, convicted and sentenced on an indictment under paragraph (c) of this statute, and the evidence failed to disclose the alleged prior convictions, the judgment rendered on the verdict should be set aside only insofar as it imposes the sentence, and that the case should be remanded for sentence under paragraph (a) of the section.

Brewsaw v. State, 168 Miss. 371, 151 So. 475, is in conflict with these cases, but they are not referred to in the opinion there rendered and its holding that where the trial is on an indictment which attempts but fails to charge a felony, the defendant is not called on to defend himself from a misdemeanor included within the allega-

tions of the indictment and cannot be convicted on that trial therefor, runs counter to and conflicts with Section 1290, Code of 1930.

**Roberds, J.,** concurs in this opinion.