AINSWORTH *v.* STATE.

In Banc. May 9, 1949.

(40 So. (2d) 298)

560

Deavours & Hilbun, for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Montgomery, J.**

The appellant was indicted by the grand jury of Jasper County for a third offense of having whiskey in his possession under the provision of Section 1974, Code of 1930, which section was brought forward and became and is Section 2613 of the Code of 1942. The charge in the indictment reads, as follows: ''Joey Ainsworth late of the County, District and State aforesaid, with force and arms in the County, District and State aforesaid, and within the jurisdiction of this Court. And in the regular February 1936 term of the Circuit Court of the Second Judicial District of Jasper County, Mississippi, and on the —— day of February, 1936, in Criminal Cause Number 966, was found guilty of the possession of intoxicating liquor, to-wit: Whiskey, as recorded in Minute Book 3, Page 500, and under indictment returned by the Grand Jury of the Second Judicial District of Jasper County, Mississippi and upon said conviction was fined $250.00 and sentenced to serve 90 days in jail.

''That the said Joey Ainsworth, who is sometimes known and referred to as Joie Ainsworth, at the regular August 1945 term of the Circuit Court of the Second Judicial District of Jasper County, Mississippi, and on the — day of August 1945, in criminal cause Number 1246, was found guilty of the possession of intoxicating liquor, to-wit: Whiskey, as recorded in Minute Book 4, Page 298, and under indictment returned by the Grand Jury of the Second Judicial District of Jasper County, Mississippi, and upon said conviction fined $500.00 and sentenced to serve 90 days in jail.

''All of said records, Minutes Books, judgments, indictments, being of the Second Judicial District of Jasper County, Mississippi, both above convictions being

under Section 1974, Code of 1930 and later brought down as Section 2613, Code of 1942.

"That thereafter the said Joey Ainsworth, late of the County, District and State aforesaid, on the——day of May, 1948, with force and arms in the County, District and State aforesaid and within the jurisdiction of this Court, did wilfully and unlawfully, and feloniously, have in his possession intoxicating liquor, to-wit: Whiskey. In violation of Subsection C of Section 2613 of the Mississippi Code of 1942, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Mississippi.

There was a demurrer to this indictment on the ground that it is insufficient to charge a felonious offense against the law of the State of Mississippi, as well as other grounds. There was also a motion by the district attorney to amend the indictment by striking all of its provisions charging a third offense, and leaving therein only a charge reading as follows: "Joey Ainsworth late of the County, District and State aforesaid, with force and arms in the County, District and State aforesaid, and within the jurisdiction of this Court.

"That thereafter the said Joey Ainsworth, late of the County, District and State aforesaid, on the — day of May, 1948, with force and arms in the County, District and State aforesaid and within the jurisdiction of this Court, did wilfully and unlawfully have in his possession intoxicating liquor, to-wit: Whiskey, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Mississippi."

On the morning the case was called for trial, the court inquired of the prosecuting attorney as to their announcement in the matter, and the district attorney advised the court that he had a motion which he would like to make. The court permitted the district attorney to make the motion. After the presentation of the motion, counsel for the defendant announced to the court that he had a demurrer which was filed on that day to the indictment.

The court advised counsel for defendant, before passing on the motion, that he might present his demurrer at that time, and said demurrer was then presented, with the result that the court had before it a motion to amend the indictment and a demurrer to the indictment. The trial court, at the conclusion of the hearing, sustained the motion to amend the indictment and overruled the demurrer. Thereupon, the appellant moved to quash the indictment as amended, which motion was by the court overruled. The appellant then went to trial as upon a first offense charging him with the unlawful possession of intoxicating liquor, as shown by the order allowing the amendment, but none of the language in the original indictment was actually stricken therefrom. The language amended out of the indictment actually remained physically therein for the jury to read when they carried it with them on retiring to their room to consider their verdict. The judge, in examining the respective jurors on their voir dire called their attention to the charge in the indictment of two former convictions, and advised them that, by amendment, this had been eliminated from the indictment and that the indictment, as amended, charged only a misdemeanor, and requested the jury not to consider the two former convictions, and they agreed to not do so. This is claimed to have been prejudicial. The defendant introduced no evidence on the hearing, but stood on his demurrer as he had a right to do. There was a conviction and a sentence to pay a fine of $500 and serve ninety days in the county jail. From this judgment, the appellant appeals here.

It is assigned as error here (1) that the trial court erred in overruling the demurrer of appellant and permitting the State, on the motion of the district attorney, to amend the indictment; (2) the trial court erred in the voir dire examination of the petit jury in that the petit jury was advised that the appellant had been twice convicted of the possession of intoxicating liquor prior to the time of this trial, and in overruling the appellant's

motion to discharge the jury; and (3) the trial court erred in overruling the appellant's motion to quash the indictment as amended. It will not be necessary to discuss the other assignments of error. The first question presented is whether or not the court erred in overruling the demurrer to the indictment.

In Brewsaw v. State, 168 Miss. 371, 151 So. 475, the indictment undertook to charge a third offense, but this Court held it was defective in that it did not allege the courts in which the two previous convictions were had, nor whether the convictions were under the same statute. A demurrer was overruled in the lower court, and the defendant was tried and convicted for a third offense. This Court held that the charge of felony was void for the reasons above stated, and that appellant had properly raised the question by his demurrer. The opinion further held that the appellant had a right to stand on his demurrer and decline to introduce any defense he might have had, and instead of reversing the case only for sentence upon a misdemeanor, reversed and remanded the case entirely. In Millwood v. State, 190 Miss. 750, 1 So. (2d) 582, 583, the indictment was bad because it did not allege a conviction for a first offense, and after that a conviction of a second offense as such, and after that the commission of a third or felonious offense. It appears from the brief of the attorney general that there was a demurrer in the lower court and the demurrer was overruled. This Court in an opinion by Judge Griffith said: "It has been suggested also that we should reverse only as to the felony sentence, but remand for a proper sentence as a misdemeanor. We think that the reasons for an entire reversal and remand are as much here present in substantial aspects as in Brewsaw v. State, supra, and that will be the judgment here. Reversed and remanded."

In Rogers v. State, 198 Miss. 495, 22 So. (2d) 550, it was held that the indictment of a third offense was bad because it did not charge the crime as violative of Section 2613, Code of 1942, and did not charge the second con-

viction was after a former conviction, and also under Section 2613, Code of 1942. The opinion also held that the invalidity of the indictment could be raised for the first time in the Supreme Court though there had been no demurrer in the lower court. This case was also reversed and remanded entirely, and not just for sentence for a misdemeanor.

It is true that in Williams v. State, 125 Miss. 347, 87 So. 672; Gaston v. State, 107 Miss. 484, 65 So. 563; and Boroum v. State, 105 Miss. 887, 63 So. 297, 457 it was held that where a defendant is tried, convicted and sentenced on an indictment lawfully charging a third offense, and the evidence fails to disclose the alleged prior convictions, the judgment rendered on the verdict should be set aside only insofar as it imposes the sentence, and that the case should be remanded for sentence as for a first offense. The effect of these holdings is that an indictment lawfully charging a third offense is good to support a charge of a first offense. This holding but gives effect to the provisions of Section 2523, Code of 1942, which provides that on an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offenses, the commission of which is necessarily included in the offense with which he is charged in the indictment, and this whether the same be a felony or a misdemeanor, and without any additional count in the indictment for that purpose.

But it is clear that the indictment in this case was void in that the indictment did not charge a conviction of a first offense, and after this a conviction of a second offense, as a second offense, and after this the felonious commission of the act constituting a third offense, all under the same statute. The demurrer should have been sustained. The indictment did not lawfully charge a third offense. This is certain. It is void as an

attempt to charge the appellant with the crime of feloniously having in his possession intoxicating liquor. Any attempted charge therein of a conviction for a first or second offense constituted only integral parts of the abortive attempt to charge the third offense. The whole matter of the charge is that a third and felonious offense has been committed. It is entirely void as a charge of a third offense, and being void as a charge of a third offense it is void in its entirety and states no offense against the laws of the State. The indictment was an abortive attempt to charge the appellant with a third offense, and it neither charges a third offense nor any constituent offense. Since the indictment is void, no effect can be given to it under Section 2523 of the Code of 1942 authorizing a conviction for the commission of some other offense, the commission of which is necessarily included in the offense with which the defendant is charged in the indictment. It being void it charges no offense, and the lower court erred in overruling the demurrer.

After the Court sustained the motion to amend the indictment so as to cause it to charge a misdemeanor, the court was thereupon, by its judgment, charging the defendant with that which he had not been lawfully charged by the grand jury. The result of the grand jury's action was void and constituted no charge. Life and validity to the void attempt by the grand jury could not be effectuated by the judgment of the court.

It is the opinion of the Court that the demurrer should have been sustained to the indictment, and the defendant held for further action by the grand jury. It is the judgment of the court that the indictment was void in toto, that the effect of the amendment was to create by the judgment of the court a charge of a first offense, which charge had not emanated from the grand jury. The Court had no such power.

The judgment of the lower court will be reversed and the cause remanded, and the defendant held for further action by the grand jury.

Reversed and remanded.

**Alexander,** Justice (specially concurring).

I concur in the result. I am, however, of the opinion that regardless of the content and purpose of the other allegation in the indictment, a sufficient charge was made in the last paragraph of the possession of intoxicating liquor. The preamble, therefore, as far as the indictment is concerned, could well be disregarded or stricken as surplusage. White v. State, 169 Miss. 332, 153 So. 387; State v. Hoyt, 324 Mo. 837, 24 S. W. (2d) 981; 42 C.J.S., Indictments and Informations §§ 112, 240, pp. 993, 1256.

I agree, however, that the prejudice resulting from the conveyance of this information to the jury was ineradicable.

**Roberds, J.,** concurs in this opinion.