310 So.2d 908 (1975)
John LAY, Jr.
v.
STATE of Mississippi.
No. 48425.
Supreme Court of Mississippi.
April 14, 1975.
*909 W.S. Moore, Thomas J. Ginger, Julie Ann Epps, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Pete Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, ROBERTSON and SUGG, JJ.
SUGG, Justice:
John Lay, Jr., was convicted in the Circuit Court of the First Judicial District of Hinds County for the unlawful sale of heroin and was sentenced to serve a term of sixty years in the Mississippi State Penitentiary.
Lay sold one pound of heroin to a federal narcotics agent for $10,000. He was arrested at the place of the sale only seconds after the transaction was completed, and the $10,000 was recovered from Lay's possession. No evidence was introduced by the defendant, and his guilt was shown beyond any reasonable doubt. The weight and sufficiency of the evidence is not contested on this appeal.
Lay was sentenced under Mississippi Code Annotated section 41-29-147 (Supp. 1974) which provides:
Any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
For purposes of this section, an offense is considered a second or subsequent offense, if, prior to this conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.
The first error assigned and argued is that the indictment failed to allege previous convictions with the particularity required by our decisions. The indictment charged that John Lay, Jr. "... did willfully, knowingly, unlawfully and feloniously sell, barter and transfer a controlled substance without authority of law, to-wit: Heroin, and that said John Lay, Jr. has previously been convicted in New Orleans, Louisiana on May 20, 1969 and July 15, 1969 for violation of the Uniform Controlled Substance Act of 1972, as amended... ."
*910 Our decisions construing statutes authorizing enhanced punishment for second or subsequent offences permit trial on the principal charge and the charge of previous convictions in a single proceeding, although the issues involved are essentially independent of each other. Under our practice, if enhanced punishment is sought, the indictment or affidavit must include both the principal charge and a charge of previous convictions and both charges proved before punishment may be enhanced. Watson v. State, 291 So.2d 741 (Miss. 1974); Burnett v. State, 285 So.2d 783 (Miss. 1973); Ladnier v. State, 273 So.2d 169 (Miss. 1973); McGowan v. State, 269 So.2d 645 (Miss. 1972); and Branning v. State, 224 So.2d 579 (Miss. 1969).
In a case involving Tennessee statutes on habitual offenders, the United States Supreme Court in Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954), approved the practice of presenting both charges to a jury in a single proceeding; however, the court pointed out that a jury may find a defendant guilty on the principal charge and not guilty of previous convictions. Following such a finding by the jury, enhanced punishment could not then be inflicted on the principal charge.
Some states do not permit a defendant to be charged with the principal charge and previous convictions in the same indictment. The rationale of these cases is that evidence of previous convictions has no relevancy on the question of guilt or innocence on the principal charge, but only serves to prejudice the defendant.
In other jurisdictions previous convictions must be alleged in the indictment along with the principal charge. The reason stated is that the defendant is entitled to have the question of his previous convictions, and his identity as being the one previously convicted, tried by a jury, and to know, at the outset, enhanced punishment is being sought by the prosecution. These jurisdictions hold that, in order to secure a fair trial to the prisoner, the part of the indictment charging him with previous convictions must not be read by the jury. The prisoner is arraigned on the entire indictment but tried on the principal charge first. If convicted of the principal charge, then the issue of previous conviction is submitted to the jury.
The matter of enhanced punishment is dealt with in other ways by some courts, but we have consistently followed the procedure of trying a defendant on both the principal charge and previous convictions in a single stage proceeding.
In Watson v. State, supra, we held that when a previous conviction for a felony under the laws of this state, any other state, or of the United States is used to enhance the punishment of one convicted for the unlawful possession of a deadly weapon, the indictment must allege with particularity the state or federal jurisdiction of the previous felony conviction, the date of judgment and the nature or description of the offense constituting the previous felony. These principles are applicable to the case at bar since previous convictions of the defendant were used to enhance his punishment.
The language of the indictment in this case did not supply the particularity required in Watson. The indictment failed to set forth the jurisdiction in which the previous convictions were obtained and the nature or description of the offenses constituting the previous convictions. These defects in the indictment were not waived even though Lay failed to demur to the indictment before trial. Watson, supra. The trial court erred when it inflicted enhanced punishment on Lay as a second offender under Mississippi Code Annotated section 41-29-147 (Supp. 1974) because the indictment was defective in its attempt to charge Lay with previous convictions; therefore, the sentence imposed was in excess of that permitted to be inflicted on a first offender under section 41-29-139(c)(1). However, the indictment was sufficient on the principal charge that Lay *911 unlawfully and feloniously sold heroin, a controlled substance.
The second assignment of error argued by Lay is as follows:
PROPOSITION II
Most of the testimony and exhibits introduced by the state to prove that the defendant had previously been convicted of drug-related offenses  justifying a greater sentence under Miss. Code Ann. Section 41-29-147 (Supp. 1974)  was irrelevant and prejudicial, and should not have been admitted.
One of Lay's arguments under this assignment of error is that evidence other than the fact of conviction is inadmissible. He draws the analogy from decisions based on Mississippi Code Annotated sections 13-1-11 & 13 (1972) that the introduction of any evidence to impeach a witness except the fact of conviction is error and cites in support thereof Benedetti v. State, 249 So.2d 671 (Miss. 1971) in which we held the details of offenses for which a defendant was convicted cannot be given. He also cites Murray v. State, 266 So.2d 139 (Miss. 1972), cert. denied 411 U.S. 907, 93 S.Ct. 1534, 36 L.Ed.2d 196 (1973), as authority for the proposition that the jury cannot be informed of the punishment given for previous convictions. Lay urges that the rule should not be confined to cases where previous convictions are introduced for impeachment of a witness, but should also apply to cases where proof of previous convictions is required for infliction of enhanced punishment.
We are not persuaded by this argument because under our decisions, when enhanced punishment is sought, previous convictions must be alleged with particularity and, as stated in Watson, supra, the indictment must include the nature or description of the offense constituting the previous offenses.
Proper consideration of Lay's other arguments under this assignment of error requires a review of some of the evidence and his objections thereto.
The State introduced a copy of a bill of information filed in the Criminal District Court of Orleans Parish, Louisiana, April 7, 1969 charging James Lay, Jr. and Gwendolyn McMillain Lay with possession of marijuana, and a bill of information filed May 26, 1969 in the same court charging James J. Lay, Jr. and two other persons with possession of marijuana. The bills of information show that on January 30, 1970 Lay's plea of not guilty was changed to a plea of guilty of attempt to possess narcotics. When the first bill of information was offered in evidence the following objection was made:
Your Honor, the defendant objects on the grounds that it is not relevant to this trial in any way. It pertains to flammatory matters ended which have nothing to do whatsoever with this court record.
When the second bill of information was offered in evidence the objection was renewed.
The bills of information were duly authenticated as required by Acts of Congress. No point is made that the previous convictions were shown in the manner described above rather than by a certified copy of the judgment of the Criminal District Court of Orleans Parish.
The indictment in this case is against John Lay, Jr. In order to prove that John Lay, Jr. was the same person as James Lay, Jr. and James J. Lay, Jr., the persons named in the bills of information in Orleans Parish, the State introduced the original arrest records from the New Orleans Police Department on the occasion of Lay's arrest on each charge in Louisiana. The arrest records were related to the bills of information to show that the person arrested was the same person who entered a plea of guilty to the bills of information. The Louisiana arrest records contained fingerprints of the person there arrested. A comparison of these fingerprints with the fingerprints of Lay taken when he was arrested on the Mississippi charge of sale of heroin show that Lay was the defendant in both Louisiana cases. When the first *912 arrest record was offered in evidence the following objection was made:
I object to this, Your Honor. It doesn't have any relevance whatsoever to this proceeding or either one of those two previous convictions. It has not been tied up in any way. The only thing it says is that he was arrested and got convicted. That's the only thing that this gentleman has testified to.
When the second arrest record was offered, the following objection was made:
Objection, Your Honor, on the grounds that it has no relevance to this trial.
Lay argues under Proposition II that evidence of his two previous drug related convictions was irrelevant; however, as noted in the fifth paragraph of this opinion, previous convictions must be charged and proved in order to inflict enhanced punishment. Such evidence is therefore relevant.
Next, Lay contends that, since the indictment was fatally defective as to previous convictions, the trial court erred when it permitted the State to produce evidence of his two previous drug related convictions because such evidence was prejudicial. Lay neither demurred to the indictment nor made the objection in trial court now raised on appeal; namely, that the evidence was prejudicial and inadmissible because the indictment did not charge the previous convictions with the particularity required under our decisions.
The trial court was not presented with an opportunity to consider the objection now raised on appeal. It is well settled that objections to evidence must be specific as to the grounds thereof, otherwise, the objection is waived. We held in Boring v. State, 253 So.2d 251 (Miss. 1971) that:
Objections to evidence must bring to the attention of the trial judge the specific ground on which it is contended such evidence is inadmissible so that the trial judge may determine whether or not such evidence is available to objector's adversary.
The rule requiring specific objections is necessary because to permit litigants to hold back objections until on appeal would mean that costly new trials would be had where valid objections could have been sustained during the trial. Roberds v. State, 187 So. 755 (Miss. 1939); Kimbrall v. State, 178 Miss. 701, 174 So. 47 (1937); Dobbs v. State, 167 Miss. 609, 142 So. 500 (1932); Williams v. State, 171 Miss. 324, 157 So. 717 (1934). This rule has been recognized by the Federal Court in this jurisdiction. Gann v. Smith, D.C., 318 F. Supp. 409 (1970). (253 So.2d at 253).
In Norman v. State, 302 So.2d 254 (Miss. 1974) we held:
The rule is that when counsel objects to evidence, he must point out to the trial judge the specific reason for or the ground of the objection or else the objection is waived. (302 So.2d at 259).
See also Stringer v. State, 279 So.2d 156 (Miss. 1973).
Since the indictment stood throughout the trial unchallenged by a demurrer contesting the sufficiency of the language charging the previous convictions, the Court, absent specific objections, did not err when it admitted evidence of Lay's previous convictions, although such convictions were not properly charged in the indictment.
Lay's objections to the introductions of the arrest records from the New Orleans Police Department were that the records were not relevant. The arrest records were relevant because they contained Lay's fingerprints and from these fingerprints he was identified as the person arrested in Mississippi for the sale of heroin.
Lay contends that the arrest records and the bills of information contained extraneous information that was prejudicial to his case, and the information should have been deleted from these records before being viewed by the jury. His objection to the bills of information was in part as follows: *913 "It pertains to flammatory matters which have nothing to do whatsoever with this court record." He did not object to the arrest records on this ground, but only as to their relevancy. The prejudicial matters complained of are set forth in his brief in the following language:
[T]he names of the Appellant's co-defendants in that case, the Nolle Prosequis entered in the co-defendants' cases, Appellant's change of plea to guilty, and the Court's disposition of a habeas corpus application. The indictment even reveals the amount of Lay and his codefendants' bonds. For another example, the first arrest record (R. 151) states that "officers recovered about 21 pounds of marihuana and a small quantity of LSD, in vehicle and in residence found small quantity of marihuana and paraphernalia.
Lay did not attempt to have the information now complained of deleted from the exhibits before they were submitted to the jury. In Whittington v. State, 160 Miss. 705, 135 So. 190 (1931) the rule pertaining to a general objection going to a whole answer was stated as follows:
[I]t will be observed that the objection was a general objection going to the whole answer; whereas the rule is that in objections to testimony, part of which is admissible and part inadmissible, specific objections must be made to the inadmissible part, separating it from the admissible, and, unless so done, the objection will be overruled in toto, if any part of the testimony be admissible or be competent for any purpose. (160 Miss. at 710, 135 So. at 192).
In Gardner v. State, 145 Miss. 215, 110 So. 589 (1926) we held:
However, the well-established rule is that where the testimony of a witness is in part admissible, and in part inadmissible, the party seeking to have the objectionable part ruled out cannot accomplish that purpose by objecting to the whole. He must point out to the court the objectionable part, so that the court may intelligently rule on it. He is not entitled to have the whole testimony ruled out, and the court cannot be put in error simply by a general objection to the testimony of the witness. Where the rule is not complied with, the party in default must suffer the consequence. (145 Miss. at 219-220, 110 So. at 590).
See also Norman v. State, 302 So.2d 254 (Miss. 1974) and Bryant v. State, 172 Miss. 210, 157 So. 346 (1934).
A part of the information contained in the exhibits was admissible to show his previous convictions in Orleans Parish, Louisiana. Lay suggests in his brief that it would have been a simple matter to have deleted the objectionable information contained in the exhibits and with this we agree; however, it was Lay's duty to make known to the court the specific parts of the exhibits objected to. He was not entitled to have the entire contents of the exhibits ruled out because part of the information contained in the exhibits was competent evidence and therefore admissible. The court cannot be put in error simply by a general objection to the exhibits when parts of the exhibits were competent and admissible.
On the scope of remand the question arises as to whether the case should be remanded for resentencing only or whether Lay should be held to await further action of the grand jury. In reviewing our cases[1] involving somewhat similar problems *914 we find no established pattern, nor can these cases be reconciled. Since the indictment was sufficient on the primary charge of selling heroin and no demurrer to the indictment was filed, we are of the opinion that the ends of justice will be best served by remanding the case solely for resentencing as a first offender under Mississippi Code Annotated section 41-29-139(c)(1) (Supp. 1974). This procedure relieves Lay from enhanced punishment and obviates the necessity of his former conviction being ratified by another jury.
The other assignments of error deal with questions that have been settled by many decisions of this Court which merit no further comment.
Conviction affirmed and remanded for resentence as a first offender.
RODGERS, P.J., and PATTERSON, INZER, SMITH, WALKER and BROOM, JJ., concur.
NOTES
[1] Some cases have been remanded for resentence only, while others have been remanded for further action of the grand jury. Watson v. State, 291 So.2d 741 (Miss. 1974); Burnett v. State, 285 So.2d 783 (Miss. 1973); McGowan v. State, 269 So.2d 645 (Miss. 1972); Ainsworth v. State, 206 Miss. 559, 40 So.2d 298 (1949); Millwood v. State, 190 Miss. 750, 1 So.2d 582 (1941); Brewsaw v. State, 168 Miss. 371, 151 So. 475 (1933); Williams v. State, 125 Miss. 347, 87 So. 672 (1921); Gaston v. State, 107 Miss. 484, 65 So. 563 (1914); Boroum v. State, 105 Miss. 887, 63 So. 297 & 457 (1913); Hoggett v. State, 101 Miss. 272, 57 So. 812 (1912).